FIELD, Senior Circuit Judge:
 

 The County of Henrico, Virginia, appeals from an order of the district court denying it the status of a general unsecured creditor of the bankrupt, 2111 Associates-Chicago. After 2111 Associates was adjudicated an involuntary bankrupt, the County filed a priority claim for business personal property taxes. The claim amounted to $88,-170.80, including penalty and interest, and was based upon ad valorem taxes assessed against a Falcon jet airplane and furniture and fixtures which were used by the bankrupt in its business. The Trustee in Bankruptcy filed an objection to the claim on the ground that, whether its status was priority or general, payment was expressly barred by section 64(a)(4) of the Bankruptcy Act
 
 [1]
 
 since no interest in the assessed property had passed to the bankrupt estate. Although the record is not clear with respect to the disposition of the property, it appears that the airplane was repossessed and sold by the Bank of Virginia pursuant to a lien. No accounting was made of the other assessed property but, in any event, the parties have stipulated that no interest in any
 
 *69
 
 of the subject property passed to the estate upon bankruptcy.
 

 A hearing was held on the objection before the bankruptcy judge who denied priority status to the County’s claim but allowed it in full as general and unsecured. Upon appeal by the Trustee to the district court, the district judge reversed the bankruptcy court, holding that the plain language of section 64(a)(4) prohibits an order for any payment of a tax assessed against property which has not passed to the bankrupt estate.
 
 [2]
 

 Upon appeal we are asked to determine whether the second proviso of section 64(a)(4), “That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein * * bars the County’s claim as a general and unsecured creditor. Section 64(a) is the product of almost a century of legislative effort to develop a comprehensive plan to permit some classes of unsecured creditors to share in the assets of the bankrupt estate ahead, or to the exclusion, of other creditors. The section defines five categories of claims to be paid from the estate prior to those of general creditors. The fourth of these classes, taxes levied on real and personal property, contains the proviso which we are called upon to construe.
 

 The somewhat ambiguous language of subsection (4), combined with a dearth of legislative history in regard to its amendments, has resulted in a variety of interpretations by the courts in their efforts to resolve disputes similar to the one in this case. Claims for taxes assessed against property which has failed to pass to the bankrupt estate have been held allowable as both general and priority in nature,
 
 In re Raflowitz,
 
 37 F.Supp. 202 (D.Conn.1941); have been denied priority but allowed as general claims,
 
 In re Schulz,
 
 17 Collier Bankruptcy Cases 36 (N.D.Iowa 1978); and have been held not allowable as either priority or general claims,
 
 In re Nussbaum,
 
 257 F.Supp. 498 (S.D.Tex.1966). Based upon our analysis of the statute we find the most reasonable interpretation to be one which, like
 
 Schulz,
 
 denies a priority to such taxes but permits them to be filed as a general claim.
 

 As we have noted, we do not have the benefit of definitive legislative history with respect to section 64(a)(4). However, the pattern of the statute’s development over the years is, in itself, instructive.
 
 [3]
 
 The pattern of priority was originally established by the Act of 1867 and, as modified in 1898, extended priority to national, state and local taxes over general creditors. In 1926 Congress revised section 64(a)(4), and while the amendment continued to recognize the priority of such taxes, it included the proviso “[tjhat no order should be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court * * *.”
 
 [4]
 
 This change was designed to prevent the depletion of estate assets by the priority payment of back taxes on heavily encumbered property to the detriment of the estate’s general creditors. As a practical matter, the provision permittéd the Trustee to abandon the bankrupt’s interest in the property and thereby avoid any priority payment of the taxes against it. The priority provision affecting tax claims was substantially rewritten by the Act of 1938 which, among other things, expanded the limitation on payment of a tax assessed against
 
 “real estate
 
 of a bankrupt” to apply to a tax assessed against
 
 “any property
 
 of the bankrupt”.
 

 Prior to 1966, there was no limitation on the amount of taxes entitled to priority. In 1966, however, section 17(a)(1), 11 U.S.C. § 35(a)(1), was amended to limit the tax
 
 *70
 
 debts which were non — dischargeable to those which became legally due and owing within three years of bankruptcy. Concurrently, section 64(a)(4) was amended to limit the priority therein to such non-dis-chargeable tax claims, and added the proviso that no priority over general unsecured claims should be accorded tax claims which were dischargeable under the amendment.
 

 Section 64(a) is addressed in its entirety to “Debts which have priority,” and this, together with the pattern of the statutory development, persuades us that the second proviso of subsection (4), as well as any other component clause, should be interpreted and applied in the context of legislation enacted for the purpose of determining the order of priority of payment of claims against a bankrupt’s estate. To read the proviso to bar all claims for taxes requires the conclusion that while Congress, on the one hand, has accorded a priority to non-dischargeable taxes assessed against property which comes into the bankrupt estate, it simultaneously elected to bar completely the collection of any tax, regardless of its status, assessed against property which, fortuitously or otherwise, fails to pass to the estate. Under such a reading of the statute “a taxing authority with a valid claim for taxes, because of a provision granting it priority under section 64, is worse off than if no priority had been granted.”
 
 In re D. O. Summers Co.,
 
 45 Am.B.R.(N.S.) 123, 131 (Ref. Ohio 1939). Since even an ordinary lien creditor, deprived of realizing on his security, may pursue his debt by filing as a general creditor, we can discern no unique inequity or unfairness to other general estate creditors by permitting the County’s claim to be filed as such.
 

 Section 64(a)(4) reflects Congress’ historic concern for the collection of taxes due and owing to national, state and local governments, and we discern no relaxation of this policy when the section was amended in 1966 by adding the initial proviso. While the modification restricted the grant of priority status to non-dischargeable taxes, it nevertheless provided for the collection of dischargeable taxes by grouping them with other general unsecured claims. The second proviso with which we are concerned, in our opinion, merely restricts the amount of taxes entitled to priority to the value of the interest in the assessed property which has passed to the bankrupt estate. If no interest in the property has passed to the estate, this proviso denies any priority to the tax claim. It does not, however, deprive the taxing authority of the right to prove its claim as a general unsecured creditor.
 

 The order of the district court is reversed.
 

 REVERSED.
 

 [1]
 

 . Section 64(a)(4) of the Federal Bankruptcy Act, enacted as 11 U.S.C. § 104(a)(4), reads:
 

 § 104.
 
 Debts which have priority
 

 (a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (4) taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy:
 
 Provided, however,
 
 That no priority over general unsecured claims shall pertain to taxes not included in the foregoing priority:
 
 And provided further,
 
 THAT NO ORDER SHALL BE MADE FOR THE PAYMENT of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court * * *. (Emphasis added.)
 

 The Bankruptcy Code of 1978, effective October 1, 1979, revises and replaces the Act of 1898 under which the present litigation arose. The new priorities section, 11 U.S.C. § 507, omits the controversial language found in section 64(a)(4) of the old Act.
 

 [2]
 

 .
 
 In re 2111 Associates-Chicago, Bankrupt v. County of Henrico, Virginia,
 
 Civil Action No. 80-0008-R (E.D.Va. February 12, 1980).
 

 [3]
 

 .
 
 See
 
 3A
 
 Collier on Bankruptcy,
 
 164.01 (14th ed), for a discussion of the legislative development of § 64. The legislative development of § 64(a)(4), from its inception in 1898 to its 1966 amendment, is found at ''64.402.
 

 [4]
 

 . 44 Stat. 662.