**In re TRANSCO CORP., Debtor.**

**Thomas J. GRIFFITH, Trustee, Plaintiff,**

**v.**

**PLAINVIEW INDEPENDENT SCHOOL DISTRICT, Defendant.**

**Thomas J. GRIFFITH, Trustee, Plaintiff,**

**v.**

**CITY OF PLAINVIEW, TEXAS, Defendant.**

**Bankruptcy No. 5–79–00107.**
**Adv. Nos. 580–0032, 580–0035.**

United States Bankruptcy Court,
N. D. Texas,
Lubbock Division.

May 19, 1981.

R. Byrn Bass, Jr., Lubbock, Tex., for debtor.

Robert B. Wilson, Lubbock, Tex., for Creditors' Committee.

Thomas J. Griffith, Trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The tax collectors for the Plainview Independent School District, the City of Plainview, and Hale County and State of Texas have filed proofs of claim for ad valorem taxes totalling $19,296.96 against personal property in the above bankruptcy proceeding. Craig B. Silverthorne claims to be subrogated to $17,981.08 of that amount which represents the portion of those proofs of claim for ad valorem taxes assessed against rolling stock. He has furnished the proof required by Rules of Bankruptcy Procedure, Rule 302(d)(2) and seeks priority treatment under 11 U.S.C. § 507(a)(6). The trustee in bankruptcy challenged entitlement by Silverthorne to those tax claims. Trial was conducted on May 11, 1981. The following summary constitutes the findings of fact contemplated by Rules of Bankruptcy Procedure, Rule 752.

Transco, Inc., filed petition for order for relief under Chapter 11 of Title 11, United States Code, on December 31, 1979. Thereafter, on March 26, 1980, the case was converted to one under Chapter 7 of Title 11, United States Code.

The debtor corporation was engaged in various activities connected with the grain business. Its assets included trucks, trailers, and other rolling stock which it had used primarily to transport grain. It had obtained several loans from Mercantile National Bank, Dallas, Texas, securing those loans with certificate of title liens against the rolling stock. In 1978 those outstanding loans were consolidated into one note for $480,000.00, secured by certificate of title liens against all of the rolling stock. The $480,000.00 note to Mercantile was per-

sonally guaranteed by Craig B. Silverthorne,[1] claimant herein.

After the Chapter 11 proceedings were filed Mercantile filed complaint to lift stay in adversary 580–0008, seeking to foreclose its certificate of title liens. At the preliminary hearing on that complaint the trustee announced that he had scheduled an auction sale of other assets to be conducted on the site where the corporation had formerly conducted business. Mercantile and Silverthorne each consented to the offer by the trustee of the rolling stock for sale at the public auction, with the condition that sale would not be approved if an aggregate amount which was satisfactory to all parties was not obtained at the sale.

The net amount bid for the rolling stock at the public auction sale was not enough to liquidate the debt to Mercantile and it renewed its complaint to lift stay. An order was entered by this court on June 16, 1980, lifting the stay. Mercantile was thereby afforded opportunity to enforce its certificate of title liens.

Whether Mercantile initially intended to remove the rolling stock from Hale County, Texas, and make its own arrangements for sale of its security, or whether it intended from the beginning to assert its right to payment from Craig Silverthorne under his guaranty, is not apparent from the record. In any event the taxing units in Hale County, Texas, levied upon the rolling stock to secure the ad valorem taxes owed to each of them as is authorized by V.A.T.S. Art. 7268.[2]

At that point Mercantile made demand under its guaranty. Craig B. Silverthorne, guarantor, made arrangements with Mercantile to liquidate the note and then paid

---

**1.** Craig B. Silverthorne had charged and collected from Transco brokerage fees for some of those loans from Mercantile.

**2.** Art. 7268.

If it comes to the knowledge of the tax collector that any personal property assessed for taxes on the rolls is about to be removed from the county, and the owner of such property has no other property in the county sufficient to satisfy all assessments against him, the collec-

tor shall immediately levy upon a sufficiency of such property to satisfy such taxes and all costs, and the same sell in accordance with the law regulating sales of personal property for taxes unless the owner of such property shall give bond, with sufficient security payable to and to be approved by the collector, and conditioned for the payment of the taxes due on such property, on or before the first day of January next succeeding.

to the taxing units the ad valorem taxes owed to each of them on account of the rolling stock, being $6,796.03 to the tax collector for the City of Plainview, $9,162.29 to the tax collector for the Plainview Independent School District, and $2,022.76 to the tax collector for Hale County and the State of Texas. The tax assessor and collector for each of the taxing units issued to Craig B. Silverthorne a receipt for the taxes and transferred their respective claims to Craig B. Silverthorne, without warranty or recourse.

The trustee contends that the procedures employed by the taxing units did not comport with the requirements of V.A.T.S. Art. 7345a, which sets the procedures for transferring tax liens to those persons discharging tax liability upon real estate. He contends that the tax assessors for any taxing unit in the State of Texas have no power of authority to market their tax debts or liens except as is provided by 7345a and, notwithstanding the fact that the article is directed at tax liens on real estate, those procedures must be employed for transfer of tax debts or liens against personal property as well.

Additionally, the trustee contends that Silverthorne, as one who claims to be subrogated to priority tax claims, is denied priority treatment by virtue of the provisions of 11 U.S.C. § 507(d) which provides:

> An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

There is a threshold matter to be determined, however, and the contentions of the trustee and of the claimant on those issues are pretermitted. The net amount bid for the rolling stock at the public auction was not sufficient to liquidate the certificate of title liens to Mercantile. Therefore, the estate of the debtor had no interest in the property. The stay was lifted and Mercantile, followed by Silverthorne, obtained possession of the rolling stock.

An ad valorem taxing unit has two types of claim for its taxes. It may assert its lien for taxes against the property itself. In addition it ordinarily has an unsecured claim against the taxpayer.

When possession of the rolling stock passed from the trustee to Mercantile the taxing units still had their claims of lien against that personal property, but the only claims remaining which they possessed against the estate of the taxpayer was the unsecured claims. The interest of the estate in the rolling stock is valueless and therefore the claim for taxes against other properties of the estate may not be allowed by virtue of the provisions of 11 U.S.C. § 502(b)(4), which provides:

> Except as provided in subsections (f), (g), (h), and (i) of this section, if objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that if such claim is for a tax assessed against property of the estate, such claim exceeds value of the interest of the estate in such property.

Since there is no interest of the estate in and to the property against which the tax was assessed the tax claim is disallowed and is not entitled to distribution under § 726. To the extent that a claim is disallowed under § 502(b)(4) it is not allowed for any purpose, whether it be priority or whether it be for distribution as a non-priority claim. 3 Collier on Bankruptcy ¶ 502.02[4] at 502–40 (15th ed. 1980).

It is, therefore, ORDERED by the court that the claims of the tax assessors for the City of Plainview, Plainview Independent School District, and Hale County and State of Texas be, and each of them is hereby, DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.