21855

CHRYSLER CREDIT CORPORATION, Appellant, v. Robert E. LEE, Freeman Dodge, Inc., and C. Ellis Stafford as Treasurer and Tax Collector of Sumter County, Defendants, of whom C. Ellis Stafford as Treasurer and Tax Collector of Sumter County, is Respondent.
(299 S. E. (2d) 488)

*Daniel & Daniel*, Columbia, *for appellant.*
*Bryan, Bahmuller, King, Goldman & McElveen*, Sumter, *for respondent.*

Jan. 11, 1983.

GREGORY, Justice:

Appellant Chrysler Credit Corporation brought this action to recover taxes paid under protest to Sumter County. The sole issue concerns the priority of liens asserted upon personal property of an insolvent merchant. Summary judgment was granted respondent C. Ellis Stafford, as Treasurer and Tax Collector of Sumter County. We affirm.

Appellant was a secured creditor of Freeman Dodge, Inc. Freeman Dodge defaulted on its obligation to appellant, and appellant took possession of and proposed to sell the property covered by the Security Agreement.

Before the sale, the Tax Collector of Sumter County asserted a lien on the property for *ad valorem* taxes due Sumter County by Freeman Dodge for the years 1974 and 1975, and seized several automobiles with the intention to sell them.

Appellant brought a declaratory judgment action for a determination of the rights of the parties. Because of the rapid depreciation of the value of the property (automobiles), the circuit judge allowed appellant to proceed with its sale and ordered it to pay under protest the taxes owed to Sumter County. The circuit judge further ordered that appellant's complaint be amended to include an action for recovery of the taxes should appellant's lien be found superior to Sumter County's lien.

Cross-motions for summary judgment were heard by another circuit judge who found Sumter County's lien was superior to appellant's, and thus granted Sumter County's motion for summary judgment.

The question on appeal is whether a taxpayer's subsequently acquired property is subject to a first lien for *ad valorem* taxes. We hold it is.

S. C. Code Ann. § 12-49-10 (1976) provides in pertinent part:

> All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by the person against whom they shall be charged and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed. . . .

Section 12-49-20 provides for attachment of the lien: "As of December thirty-first a first lien shall attach to all real and

personal property for taxes to be paid during the ensuing year...." Section 12-49-30 provides: "The lien for unpaid taxes on personal property shall also attach to any personal property subsequently acquired by the delinquent taxpayer."

It is axiomatic that statutes are to be given their plain and ordinary meaning. "[W]hen language is clear and unambiguous, it must be held to mean what it plainly says." *Jones v. South Carolina Highway Department*, 247 S. C. 132, 146 S. E. (2d) 166, 168 (1966).

When considered together, the above statutes clearly indicate the legislative intent that the first lien created in § 12-49-10 extends to subsequently acquired property. By using the words "the lien" instead of "a lien" and the word "also," it is apparent the drafter of § 12-49-30, is referring to the "first lien" discussed in §§ 12-49-10 and 12-49-20.

As further support for holding Freeman Dodge's subsequently acquired property is subject to a first lien for *ad valorem* taxes, respondent asserts that when dealing with a merchant, the tax is assessed against the general inventory of the merchant because of the constant turnover in inventory. Respondent contends that to hold otherwise would place an undue burden on Sumter County because inventories change daily and, once sold, items are difficult to locate and are subject to depreciation or actual destruction.

Appellant asserts no undue burden would be placed on respondent when the taxpayer itemizes his inventory for tax assessment purposes, and when the personalty is of such nature that the tax can be easily apportioned to each item making up the inventory (e.g., automobiles which are individually titled, and easily traceable), the tax collector's remedy is to follow the specifically taxed property into the new owner's hands.

The legislature has not seen fit to exclude automobile dealers from the provisions of §§ 12-49-10 through 12-49-30 of the Code, perhaps, because such exclusion would drastically hinder the sale of new automobiles if the purchaser were responsible for a proportionate share of an automobile dealer's delinquent *ad valorem* taxes.

We hold Sumter County's lien to be superior to Chrysler Credit Corporation's lien on the personal property, including subsequently acquired property, of Freeman Dodge, Inc. §§ 12-49-10 through 12-49-30 of the Code.

Accordingly, the order of the trial judge is affirmed.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.