### In re DAMAR MACHINE, INC., Debtor.

### Bankruptcy No. 282-00013.

United States Bankruptcy Court,
D. Maine.

May 16, 1983.

---

Gerald S. Cope, Cope, Cope & Carlisle, Portland, Me., for debtor.

William H. Howison, Anthony, Howison & Landis, Portland, Me., Trustee.

Gunnar Myrbeck, Portland, Me., for City of Saco.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this case, the chapter 7 trustee objects to a claim for personal property taxes filed by the City of Saco. The trustee contends that the city has no allowable claim under section 502(b)(4) of the Bankruptcy Code because the property on which the tax was assessed never became part of the estate. 11 U.S.C.A. § 502(b)(4) (1979). The city argues that section 502(b)(4) is not applicable to this case. The court concludes that the city's claim must be disallowed.[1]

On January 11, 1982, the debtor, DaMar Machine, Inc., filed a chapter 7 petition. On August 3, 1982, the City of Saco filed a proof of claim for $1,608.96 in real estate taxes and $4,429.71 in personal property taxes. It is the personal property taxes that are at issue in this case. The trustee filed an objection to the city's claim.

The objection states that the equipment and inventory on which the personal property tax was assessed were repossessed by Casco Bank and Trust Company in August of 1981, five months before the petition was filed. Therefore, the trustee argues, the claim should be disallowed under section 502(b)(4).

Section 502(b)(4) provides:

Except as provided in subsections (f), (g), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—if such claim is for a tax assessed against property of the estate, such claim exceeds value of the interest of the estate in such property.

Section 502(b)(4) limits the allowability of a property tax claim to the value of the estate's interest in the property taxed. *County of Humboldt v. Cummins (In re Cummins)*, 656 F.2d 1262, 1267 (9th Cir.1981) (Act case discussing section 502(b)(4)). If the estate has no interest in the property on which the tax is assessed, the tax claim must be disallowed. *Davis v. Lamesa Independent School District (In re Davis)*, 11 B.R. 621, 623 n. 1 (Bkrtcy.N.D.Tx.1981); *Griffith v. Plainview Independent School District (In re Transco Corp.)*, 11 B.R. 310, 312 (Bkrtcy.N.D.Tx.1981). As stated by 3 *Collier on Bankruptcy* ¶ 502.02[4], at 502–52.1 (15th ed. L. King.1982):

To the extent that property was disposed of in some fashion before the filing of the petition but was subject to the tax for which the claim was interposed, it would seem to be proper to disallow the claim inasmuch as the property not being part of the estate negates any interest in the property by the estate.[2]

Section 502(b)(4) prevents depletion of the estate by the payment of taxes on property

---

**1.** It is not necessary for the court to reach the section 507 priority issues raised by the parties because section 507(a)(6)(B), dealing with the priority status of property taxes, is applicable to "allowed" claims only. 11 U.S.C.A. § 507(a)(6)(B) (1979); *see 3 Collier on Bank-*

*ruptcy* ¶ 502.02[4], at 502–52 (15th ed. L. King 1982).

**2.** Section 64a(4), the predecessor to section 502(b)(4), did not lend itself to such a clear cut interpretation. Section 64 combined the claim allowance provisions of section 502 and the

providing no benefit to the estate at the expense of unsecured creditors. *Id.* at 502–52 to –52.1.

In this case, Casco Bank repossessed the equipment and inventory on which the tax in question was assessed five months before the petition was filed. Thus, the estate has no interest in the property and the City of Saco's claim must be disallowed under section 502(b)(4).

An appropriate order will be entered.

priority provisions of section 507. Section 64a(4) gave priority to

> taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy: *Provided, However,* That no priority over general unsecured claims shall pertain to taxes not included in the foregoing priority: *And provided further,* That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court.

Courts applying section 64a(4) in cases where the property taxed never became part of the bankruptcy estate reached three different results: 1) the tax claim was given priority status, *In re Raflowitz,* 37 F.Supp. 202, 207 (D.Conn.1941); 2) the tax claim was denied priority status but allowed as a general unsecured claim, *Lawler v. County of Henrico (In re 2111 Assoc.),* 636 F.2d 68 (4th Cir.1980); and 3) the claim was disallowed entirely, *In re Nussbaum,* 257 F.Supp. 498 (S.D.Tx.1966). Under the Code, Congress' intent is clear because section 502 "speaks to outright disallowance." 3 *Collier on Bankruptcy, supra,* at 502–52.2. The question of priority under section 507 is not reached until the tax claim is first allowed under section 502.