**In re SKINNER LUMBER CO., INC., Debtor.**

**Bankruptcy No. 81–01528.**

United States Bankruptcy Court, D. South Carolina.

Sept. 16, 1983.

Ackerman, Woodard & Campbell, Walterboro, S.C., for trustee.

James A. Stuckey, Charleston, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The trustee objects to the $16,019.66 proof of claim filed by Clarendon County for delinquent *ad valorem* taxes on property—real and personal—all of which has been abandoned by the trustee except for several motor vehicles, on which the tax is $321.00.[1]

Stuckey Lumber Company, a creditor secured by the abandoned property which may stand for the payment of the tax, if it is not paid by the estate, has taken the position that the tax claim, being a liability of the debtor, should be paid by the trustee.

## DISCUSSION AND CONCLUSION

■ Clarendon County, as the taxing authority, was not divested of the lien created

---

1. The trustee agrees that Clarendon County has a secured claim for $321.00.

by S.C.Code § 12–49–10 (1976) when the property was abandoned by the trustee. However, at that time Clarendon County's claim for taxes against the debtor's estate became unsecured. See, *Griffith v. Plainview Independent School District (In re Transco Corp.)*, 11 B.R. 310, 312 (Bkrtcy.N. D.Tex.1981); *Chrysler Credit Corp. v. Robert E. Lee*, 299 S.E.2d 488 (S.C.1983).

11 U.S.C. § 502(b)(4)[2] provides the answer to the objection before the Court. 3 *Collier on Bankruptcy*, para., 502.02(4) at 502–48 (15th ed. 1979), in commenting on § 502(b)(4) of the Bankruptcy Code and its predecessor, § 64(a)(4) of the Bankruptcy Act, says:

> The important expansion of the § 64(a)(4) proviso to include taxes assessed against any property of the bankrupt was Congress' response to a situation which often saw estates almost entirely depleted by taxes to the detriment of unsecured creditors in spite of the fact that such property was often thereafter abandoned to mortgagees or the taxing authorities. This was so because such taxes were construed, under many state statutes, to be taxes legally due and owing by the bankrupt personally although they may have been liens on the real estate as well.
>
> The injustice of such payments was apparent since the payment of taxes from the bankrupt estate would have the effect of clearing away tax claims which otherwise would have remained charges on the real estate in the hands of the mortgagees or the tax sale purchasers. After the amendment made in 1926, a trustee, by the simple process of abandonment of heavily encumbered real estate, could reduce the interest of the estate to nothing.

Clarendon County's unsecured claim is allowable only to the extent that the "claim exceeds the value of the interest of the estate in such property". The estate's interest is valueless, because the property was abandoned. Thus, the unsecured tax claim against the estate must be disallowed. *In re Damar Machine, Inc.*, 30 B.R. 256, 10 B.C.D. 838, 839 (Bkrtcy.D.Me.1983); *Davis v. Lamesa Independent School District (In re Davis)*, 11 B.R. 621, 623 n. 1 (Bkrtcy.N.D. Tex.1981); *Griffith v. Plainview Independent School District (In re Transco Corp.)*, *supra.*

## ORDER

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the claim of Clarendon County is allowed as a secured claim in the amount of $321.00. (see n. 1) The remainder of the claim is disallowed.

---

**2.** 11 U.S.C. § 502: (b) except as provided in subsections (f), (g), (h), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the Petition, and shall allow such claim in such amount, except to the extent that—

(4) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interests of the estate in such property.