**In re WENDY'S FOOD SYSTEMS, INC., Debtor.**

**Bankruptcy Nos. 2–87–03759, 31–0826023.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 5, 1990.

See also, Bkrtcy., 82 B.R. 898.

John T. Corrigan, Pros. Atty. of Cuyahoga County, Ohio, and Steven Z. Mogyordy, Asst. Pros. Atty., Cleveland, Ohio, for Francis E. Gaul, Treasurer of Cuyahoga County, Ohio.

334

E. James Hopple, Schottenstein, Zox & Dunn, Columbus, Ohio, for Wendy's Food Systems, Inc.

David Detec, Letson, Griffith, Woodall & Lavelle, Warren, Ohio, for Unsecured Creditors Committee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER ON OBJECTION TO SECOND AMENDED CLAIM OF CUYAHOGA COUNTY FOR TAXES AS AN ADMINISTRATIVE EXPENSE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of the Debtor and Debtor–In–Possession, Wendy's Food Systems, Inc. ("Debtor") to the second amended claim of Cuyahoga County for 1988 and 1989 personal property taxes as an administrative expense under 11 U.S.C. § 503(b). The basis for the Debtor's objection is that the value of Cuyahoga County's tax claim exceeds the value of the interest of the estate in the property taxed; and, therefore, pursuant to 11 U.S.C. § 502(b)(3), Cuyahoga County's claim should be disallowed. Cuyahoga County filed an answer to the objection in which it asserted, *inter alia*, that § 502(b)(3) is not applicable to an administrative expense claim for taxes that arose post-petition. The matter was heard by the Court on May 17, 1990.

■ 11 U.S.C. § 502(b) provides as follows:

Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\*       \*       \*       \*       \*       \*

(3) if such claim is for a tax assessed against property of the estate, such

claim exceeds the value of the interest of the estate in such property....
11 U.S.C. § 502(b)(3).

■ Both parties agreed that *In re Spruill*, 78 B.R. 766 (Bankr.E.D.N.C.1987) is the only case which has expressly decided the applicability of § 502(b)(3) to administrative claims for post-petition taxes. *Spruill* held that § 502(b)(3) is applicable only to claims for which a proof of claim may be filed under 11 U.S.C. § 501. Because administrative claims for post-petition taxes derive from § 503(b)(1)(B)(i) and § 507(a)(1) rather than from § 501, § 502(b)(3) has no application to such claims. *Id.* at 772.

The Court agrees with the holding in *Spruill* and can find no reason to depart from it in this case. Contrary to the Debtor's assertion, *Spruill's* reasoning is amply supported by the language in § 502(a) and (b). Neither of the two cases cited by the Debtor is persuasive on this point. *Davis v. Lamesa Independent School District (In re Davis)*, 11 B.R. 621 (Bankr.N.D.Tex. 1981) involved a claim for pre-petition personal property taxes that were not assessed until after the bankruptcy filing and the question of whether such taxes were entitled to priority treatment under § 507. The Court merely stated in *dicta* that where the interest of the estate in the personal property was valueless, such taxes would not be allowable under § 502. *Id.* at 623 n. 1. Thus, the *Davis* court was confronted with a priority claim and not an administrative claim for post-petition taxes.

*In re Damar Machine, Inc.*, 30 B.R. 256 (Bankr.D.Me.1983) involved a personal property tax claim where the underlying property had been sold by the debtor five months prior to the bankruptcy filing. The Court not surprisingly held that the estate had no interest in the property and disallowed the tax claim pursuant to § 503(b). *Id.* at 258. In this case, the Debtor continued to have an interest in the personal property, and continued to use such property, after its bankruptcy filing in 1987. Therefore, to the extent it retained such an interest, the Debtor was liable to Cuyahoga County for the personal property taxes for

1988 and 1989 as an administrative expense.

Based on the foregoing, the objection of the Debtor to the secured amended claim of Cuyahoga County is not well-taken, and is accordingly overruled.

IT IS SO ORDERED.