In the Matter of Timothy William **HARRISON**.

No. 06–10119.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

April 7, 2008.

Roy Kiplinger, Beers Mallers Backs & Salin, LLP, Fort Wayne, IN, for Allen County Treasurer.

Mark A. Warsco, Rothberg Logan & Warsco L.L.P., Fort Wayne, IN, for trustee.

### *DECISION ON TRUSTEE'S OBJECTION TO CLAIM*

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on the trustee's objection to claim number 5, a priority unsecured claim filed on behalf of the Allen County Treasurer, and the Treasurer's response thereto. The claim, which is in the total sum of $663.96, is based upon unpaid personal property taxes assessed on account of tangible personal

property the debtor owned and used in his restaurant business. Prior to the date of the petition, the debtor sold that property to Iron City Investments for $16,917.63, which was to be paid, without interest, over a period of four years, and Iron City gave the debtor a promissory note memorializing that commitment. As of the date of the petition, the note had not been fully paid and the trustee eventually accepted $1,500 from the buyer in full satisfaction of the amounts remaining due. The trustee has objected to the Treasurer's claim, pursuant to § 502(b)(3) of the United States Bankruptcy Code, arguing that the claim exceeds the value of the estate's interest in the property that was taxed. The issues raised by the objection have been submitted to the court for a decision upon stipulations of fact and the briefs of counsel.

■ Claims are deemed allowed unless objected to. 11 U.S.C. § 502(a). Nonetheless, if an objection to a claim is made, the court ... shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\* \* \* \*

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property. 11 U.S.C. § 502(b)(3).

Parsing § 502(b)(3) reveals that it requires two things. First, the claim must be "for a tax assessed against property of the estate." Second, the claim must exceed the value of the estate's interest in that property. Both requirements must be satisfied in order to disallow the claim.

■ This portion of the Bankruptcy Code was apparently designed to prevent the unfairness that might arise where property taxes were both a personal liability of the debtor and a charge against or

lien upon the property being taxed. When the value of that property was less than the amount due on account of all the liens against it, it would ultimately be abandoned, yielding nothing for the estate. Yet, where property taxes were a personal liability of the debtor, as well as an in rem liability against the property taxed, to allow the taxing authority to have a claim against the estate worked an injustice to other creditors, and gave lienholders an unnecessary windfall. The distribution to unsecured creditors would be reduced because of payments made on account of a claim that remained a charge against the property taxed, and which could be satisfied if the taxing authority simply looked to that property. *See, In re Precision Concepts, Inc.,* 305 B.R. 438, 442–43 (Bankr.M.D.N.C.2004); *In re Spruill,* 78 B.R. 766, 770 n. 8 (Bankr.E.D.N.C.1987); *In re Damar Machine, Inc.,* 30 B.R. 256, 257–58 (Bankr.D.Me.1983); *In re Skinner Lumber Co.,* 35 B.R. 31, 32 (Bankr.D.S.C. 1983). *See also,* 4 Collier on Bankruptcy ¶ 502.03[4][a] (15th ed. rev.). The same type of unfairness may also exist where a non-tax creditor holds a lien upon property that has been abandoned. In that instance, however, the remedy can be found by equitably subordinating the creditor's claim, rather than denying it completely. *See, Matter of Taylor,* 289 B.R. 379, 387–88 (Bankr.N.D.Ind.2003).

■ In this situation, the Treasurer's claim does not satisfy the first requirement of § 502(b)(3). The property taxed was never property of the estate. *See,* 11 U.S.C. § 541(a)(1)(The estate is comprised of "all ... interests of the debtor in property as of the commencement of the case."). At the time the taxes were assessed the property in question was property of the debtor, but the debtor sold that property before filing bankruptcy. All the estate ever possessed was a promissory

note for the sale price and the payment the trustee accepted in satisfaction of that note. Before a claim can be disallowed under § 502(b)(3), the property giving rise to the claim must either be or have been property of the estate; if not, we are not dealing with a claim "for a tax assessed against property of the estate."[1]

In addition to not constituting a claim for a tax assessed against property of the estate, the Treasurer's claim does not present the evil that § 502(b)(3) was designed to prevent. Unlike real estate taxes, in Indiana personal property taxes do not automatically attach to or become a lien upon the property taxed. They are, as here, generally unsecured. Consequently, we are not confronted with a situation where the distribution to other creditors will be reduced because of payments to a creditor that could also have its claim satisfied from a lien upon property.[2] The Treasurer is in much the same position as the debtor's other unsecured creditors:

the only source for the payment of its claim will be what comes from the trustee.

In order to disallow a claim under § 502(b)(3), the claim must be for a tax assessed against property of the estate. The taxes in question were not assessed against property of the estate, but against property the debtor sold prior to filing bankruptcy. Because the taxes were not assessed against property of the estate, § 502(b)(3) does not authorize disallowing the Treasurer's claim. The trustee's objection should be overruled and an order doing so will be entered.

1. The court acknowledges that the decision upon which the trustee relies, *In re Damar Machine, Inc.*, 30 B.R. 256 (Bankr.D.Maine 1983), came to a contrary conclusion on very similar facts. Yet, that decision was largely based upon the Ninth Circuit's decision in *In re Cummins*, 656 F.2d 1262 (9th Cir.1981). There the court was dealing with a claim for taxes assessed on account of property which was largely gone by the time bankruptcy was filed. *Cummins*, 656 F.2d at 1264. It concluded that, under § 64(a)(4) of the former Bankruptcy Act, the claim had to be disallowed to the extent it exceeded the proceeds the trustee received from selling what little remained when the case was filed. *Id.* at 1266–67. After coming to that conclusion, the court remarked that the result would be the same under what was then § 502(b)(4) of the new Bankruptcy Code. *Id.* at 1267. *Damar* characterized this decision as standing for the proposition that "[s]ection 502(b)(4) limits the allowability of a property tax claim to the value of the estate's interest in the property taxed." *Damar Machine*, 30 B.R. at 257. While that may be true as far as it goes,

it seems that both courts failed to seriously examine the requirement of the new law that the tax had to be assessed against property of the estate, not just that it exceed the value of the estate's interest in the property taxed. The distinction is important because § 64(a)(4) of the old Act referred to claims for taxes "assessed against any property of the bankrupt," former 11 U.S.C § 104(a)(4), rather than claims for taxes "assessed against property of the estate." An equivalent result under the current law would require the statute to read "assessed against property of the debtor."

2. Although that scenario may have been the genesis for § 502(b)(3), having a lien upon the property taxed is not a requirement for disallowance. So long as the property giving rise to the claim became property of the estate and the claim exceeds the value of the estate's interest in that property, the claim will be disallowed. Given the language of the statute, this remains true even if the taxing authority has no in rem remedy against the property taxed.