## SWARTS *v.* HAMMER.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 238.   Argued April 20, 1904.—Decided May 16, 1904.

Where Congress has the power to exempt property from taxation the intention must be clearly expressed.

There is nothing in the Bankruptcy Act of 1898 which exempts property in the hands of a trustee in bankruptcy from the State and municipal taxes to which similar property in the same locality is subject.

THE facts are stated in the opinion of the court.

*Mr. Lee Sale,* with whom *Mr. Solomon L. Swarts* and *Messrs. Woef & Cohen* were on the brief, for appellant:

Art. I, § 8, of the Constitution gives Congress power to establish uniform laws on bankruptcy. No other sovereignty —state or foreign—can exercise any control over the bankrupt's property. The power granted is a sovereign power, *McCulloch* v. *Maryland,* 4 Wheat. 316; it admits of only one system. *Robbins* v. *Shelby Taxing District,* 120 U. S. 489, 492. If the trustee were subject to state taxation the distribution would not be uniform, he might be required to pay to different States, where bankrupt resides and where property is situated. *Bank* v. *Moyses,* 186 U. S. 181, distinguished. As to non-interference of State by taxation with matters under Federal control, see Cooley on Taxation, 2d ed. ch. 3, p. 83; *Leloup* v. *Mobile,* 127 U. S. 640; *Kelley* v. *Rhoads,* 188 U. S. 1; *Phila. & Read. R. R.* v. *Pennsylvania,* 15 U. S. 232; *Railroad Co.* v. *Penniston,* 18 Wall. 5; *Re Bank,* 12 Blatch. 189.

*Mr. Herbert R Marlatt,* with whom *Mr. George S. Johnson, Mr. Charles A. Houts* and *Mr. Harry B. Hawes* were on the brief, for appellee:

Under the laws of Missouri, property in the hands of a trustee in bankruptcy is taxable.

Under § 9118, Rev. Stat. Mo. 1899, all property in the State, real and personal, is made taxable except that which is specifically exempt.

Section 6, Art. X, Const. of Missouri, §§ 9119, 9120, Rev. Stat. Mo. 1899, enumerate all classes of exempt property. Section 7, Art. X, provides that all other exemptions are void. Property in the hands of a trustee in bankruptcy is not exempted.

It is not necessary, in order to make property taxable, that it should be specifically mentioned as being taxable. Taxation is the rule; exemption therefrom the exception. *Adelphia Lodge* v. *Crawford*, 157 Missouri, 356, 359; *Fitterer* v. *Crawford*, 157 Missouri, 51, 59; *St. Louis* v. *Wenneker*, 145 Missouri, 230, 239; Judson on Missouri Taxation, p. 88.

By § 9186, Rev. Stat. Mo. 1899, provision is made for assessing every person "owning or holding property on the first day of June." By § 9144 each person is required to make a correct statement of all taxable property "owned by him or under his care, charge or management." This includes property in charge of a trustee in bankruptcy.

Under the Missouri laws, trustees and executors are taxable with property in their charge. *State ex rel.* v. *Burr*, 143 Missouri, 209, 215; *St. Louis* v. *Wenneker*, 145 Missouri, 230; § 9151, Rev. Stat. Mo. 1899.

Conceding the restrictions arising from the Federal supremacy, the exemption of the instrumentalities of the Federal government from state taxation is a very limited exemption, —a limitation growing out of necessity and applicable only where the tax would "interfere with or impair the operation of Federal agencies." *Nat. Bank* v. *Commonwealth*, 9 Wall. 353, 362; Desty on Taxation, p. 77; Cooley on Taxation, p. 85; *Pullman Palace Car Co.* v. *Pennsylvania*, 141 U. S. 18; *Thompson* v. *Pacific R. R.*, 9 Wall. 579; *Railroad Co.* v. *Penniston*, 18 Wall. 5; *Railroad Co.* v. *California*, 162 U. S. 91; *W. U. Tel. Co.* v. *Gottlieb*, 190 U. S. 425; *Prevost* v. *Grenoux*, 19 How. 1.

The bankruptcy law contains no express exemption of the

assets of bankrupt estates from state taxation during administration. Legislative intent to exempt property from taxation must be clearly and explicitly expressed. Exemption from taxation is never presumed. Cooley on Taxation, 3d ed. p. 356; *United States* v. *Herron,* 87 U. S. 251; *In re Sims,* 118 Fed. Rep. 356. Unless the sovereign is explicitly mentioned, there is no bar against that sovereign's claims. *In re Moore,* 111 Fed. Rep. 145; *In re Baker,* 96 Fed. Rep. 954; *Johnson* v. *Auditor,* 78 Kentucky, 282; *Commonwealth* v. *Hutchinson,* 10 Pennsylvania, 466. The bankruptcy law itself recognizes impliedly the State's right to impose taxes. *State ex rel. Tittmann,* 103 Missouri, 553; § 64*b* of the act.

All of the cases in which the question here involved has been raised have upheld the tax, except one. *In re Mitchell,* 16 Nat. Bank. Rep. 535; Fed. Cas. No. 9658; *In re Conhaim,* 100 Fed. Rep. 268; 4 Am. Bank. Rep. 58; *In re Keller,* 109 Fed. Rep. 131; 6 Am. Bank. Rep. 351; *In re Sims,* 118 Fed. Rep. 356. See also Brandenburger on Bankruptcy (3d ed), par. 1015. In only one case, *In re Booth,* Fed. Cas. No. 1645, decided under law of 1867 by a referee in bankruptcy, has the right of the State to tax been questioned.

MR. JUSTICE McKENNA delivered the opinion of the court.

The case involves the validity of taxes imposed upon property in the hands of a trustee in bankruptcy.

The appellant was duly elected and qualified as trustee of the estate of Siegel-Hillman Dry Goods Company, which had been adjudged a bankrupt. The appellant as such trustee had in his hands and on deposit in the designated depository the sum of $68,320, belonging to the estate. The appellee, as collector of the revenue of the city of St. Louis, Missouri, filed before the referee a petition alleging state, school and city taxes for the year 1901 had been regularly assessed against said sum on the first of June, 1900, and that a bill for said taxes, properly certified, had been delivered to him for collection, and

prayed for an order directing the taxes to be paid. The trustee filed an answer denying the liability of the property to the taxes. After hearing, the referee made an order directing the appellant to pay to appellee the sum of $1,298.08, the amount of the tax bill for the year 1901, "together with the accrued penalties and fees provided by law."

The order was affirmed by the District Court as to the amount of taxes, but disapproved as to accrued penalties and fees. A decree was duly entered, which was affirmed by the Circuit Court of Appeals. 120 Fed. Rep. 256.

The argument of appellant has taken somewhat wide range. The case, however, is in narrow compass. The question is not the extent of the power of Congress over the subject of bankruptcy, but what Congress intended by the act of 1898. By section seven of that act the title to all of the property of the bankrupt not declared to be exempt is vested in the trustee. By the transfer to the trustee no mysterious or peculiar ownership or qualities are given to the property. It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the State and municipality, or which should exempt it from its obligations to either. If Congress has the power to declare otherwise and wished to do so the intention would be clearly expressed, not left to be collected or inferred from disputable considerations of convenience in administering the estate of the bankrupt. Though the opinion of the Circuit Court of Appeals is brief, it is difficult to add anything to its conclusiveness. But, as showing the trend of judicial opinion, we may refer to *In re Conhaim,* 100 Fed. Rep. 268; *In re Keller,* 109 Fed. Rep. 131; *In re Sims,* 118 Fed. Rep. 356.

*Decree affirmed.*