### In re PONZI.

(District Court, D. Massachusetts.    May 14, 1925.)

No. 28057.

1. **Taxation** ⬅87—Property of bankrupt estate subject to local taxation.

Property of a bankrupt estate, while in the hands of the trustee pending administration, remains subject to local taxation.

2. **Taxation** ⬅104—Income from property of bankrupt held subject to state tax; "property tax."

The tax imposed by G. L. Mass. c. 62, on income received by estates held in trust, including bankrupt estates, is a property and not a personal tax, and is a valid tax on income received by a trustee in bankruptcy from property of the estate during administration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property Tax.]

In Bankruptcy. In the matter of Charles Ponzi, bankrupt. On claim of state of Massachusetts for income tax. Claim allowed.

Alfred R. Shrigley, of Boston, Mass., for the Commonwealth of Massachusetts.

Clarence M. Gordon, of Boston, Mass., for trustee.

BREWSTER, District Judge. The trustee in bankruptcy of Charles Ponzi has received, subsequent to the beginning of bankruptcy proceedings, income derived from deposits in national banks and from mortgages and loans constituting a part of the bankrupt's estate. It is conceded that about 80 per cent. in amount of the claims allowed have been proved by creditors residing in Massachusetts. The statutes of Massachusetts provide that income described as interest from bonds, notes, money at interest, and all debts due the person and received by an inhabitant of the commonwealth shall be taxed at the rate of 6 per cent. per annum. G. L. c. 62, § 1.

Section 10 of said chapter 62 provides in part:

"The income received by estates held in trust by trustees, any one of whom is an inhabitant of the commonwealth or has derived his appointment from a court of the commonwealth, shall be subject to the taxes as-

sessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth. * * * "

The provisions of this section are extended by the express terms of the act to trustees in bankruptcy. G. L. c. 62, §§ 13, 23. The commonwealth of Massachusetts claims the tax upon this income, at least to the extent that it inures to the benefit of residents of the commonwealth, and the tax director has been duly cited to appear and establish the claim in this court. He meets with the objection of the trustee, who contends that the commonwealth has no power to levy and collect a tax on income derived from funds or property in his hands as an officer of the bankruptcy court.

[1] It is manifestly safe to start with the proposition that the property comprising the bankrupt estate, while in the hands of the trustee in bankruptcy, pending the administration of the estate, is not withdrawn from the reach of the taxing power of the state or municipality, but remains subject to taxation, and, if the tax is assessed upon this property after bankruptcy proceedings have been instituted, it is to be treated as a preferred claim, though never due or owing by the bankrupt. In re Crowell (D. C.) 199 F. 659; Swarts v. Hammer, 194 U. S. 441, 24 S. Ct. 695, 48 L. Ed. 1060.

If the state or municipality had levied a tax directly upon the property in the hands of the trustee, including deposits in a designated depository, such tax would have been sustained, in view of the decision in Swarts v. Hammer, supra, where a municipality was held to be entitled to tax deposits of a trustee in bankruptcy in a national bank. In this case the court states:

"By section 7 of that act [Bankruptcy Act, Comp. St. § 9591] the title to all of the property of the bankrupt not declared to be exempt is vested in the trustee. By the transfer to the trustee no mysterious or peculiar ownership or qualities are given to the property. It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the state and municipality, or which should exempt it from its obligations to either."

If, then, the Massachusetts income tax is to be regarded as a tax on property, as distinguished from an excise or personal tax, it would inevitably follow that the director is entitled to establish his claim for the tax in question.

The courts of the commonwealth of Massachusetts have in plain terms held this tax to be a property tax, and not an excise or personal tax. Opinion of the Justices, 220 Mass. 613, 108 N. E. 570; Hart v. Tax Commissioner, 240 Mass. 37, 132 N. E. 621.

In Hart v. Tax Commissioner, supra, Mr. Justice De Courcy uses this language:

"It follows that our income tax, under the present statutes at least, is not an excise, where the income of a preceding year might be taken as a measure in imposing it. In this respect it may differ from the federal income tax, which apparently in some aspects and applications may be an excise. Brushaber v. Union Pacific Railroad, 240 U. S. 1. Nor is it a personal tax. Accordingly the doctrine of mobilia personam sequuntur has no application. It is laid directly on the income of property, and as already stated is in reality a tax on the property itself."

To what extent this court is bound by the decisions of the state in the interpretation of a state statute imposing a tax on property in the custody of an officer of the federal court is a question which I do not find it necessary to consider, because I regard the decision of the state court in harmony with the opinion prevailing in the federal court, as reflected in Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Brushaber v. Union Pacific R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713.

While in Pollock v. Farmers' Loan & Trust Co., supra, the court refrained from deciding whether a tax on income from personal property as such would be a direct tax, it did decide that a tax upon income derived from real estate was no less a direct tax than one laid directly upon the property from which the income was derived. It also held that the same want of power to tax the property and revenues of a state existed as to income on securities issued by a state or municipality.

I take these cases to support the principle that a tax upon income wholly derived from property would be no less a property tax than one levied upon the property from which the income is derived. Moreover, a review of the history of the movement leading up to the enactment of the income tax law of Massachusetts, and a consideration of the avowed purpose of the legislation to substitute for a tax on intangibles a tax on income derived from that class of property, all lead to the conclusion that the Massachusetts courts were fully warranted in entertaining

the opinion that the tax partakes of the nature of a property tax.

[2] Entertaining, as I do, the conviction that the tax levied by the commonwealth of Massachusetts is a tax upon the property of the bankrupt estate, measured by its income, I am of the opinion that the trustee is liable for the tax, and therefore the claim of the commonwealth of Massachusetts for income tax upon the income received by the trustee, as set out in its petition, must be established to the extent that such income is to be distributed to or inure to the benefit of the residents of Massachusetts. An order may be entered authorizing the trustee to pay all income taxes due the commonwealth of Massachusetts on interest received by him.'