**STATE OF MISSOURI v. GLEICK**
(two cases).
Nos. 12398, 12439.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1943.
Rehearing Denied May 14, 1943.

Edward D. Summers, of St. Louis, Mo. (George A. Rozier, Viva Hunt, and Harry G. Waltner, Jr., all of Jefferson City, Mo., on the brief), for appellant.

David W. Strauss, of St. Louis, Mo., for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

These appeals, consolidated for hearing in this court, are from a judgment denying a claim against a trustee in bankruptcy presented by Missouri under its Unemployment Compensation Law for contributions provided by that law with respect to employment in the state.

The Missouri Unemployment Compensation Law was adopted in 1937, Mo.R.S.A. § 9421 et seq. As amended and as applicable here, its pertinent provisions and definitions are:

"§ 9423. Definitions. * * *

"(g) 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this state. * * *

"(h) 'Employer' means:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different calendar weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals irrespective of whether the same individuals are or were employed in each such day * * *;

"(2) Any individual, firm, corporation, or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another employing unit which at the time of such acquisition was an employer subject to this law; * * *

"(6) Any employing unit, which having become an employer, has not under Section 9428 ceased to be an employer.

*    *    *    *    *

"§ 9428. Employing unit, when subject to law—termination of liability * * *

"(a) Except as provided in sub-section (c) of this section [not material here] any employing unit which is or becomes an employer subject to this law within any calendar year shall be subject to this law during the whole of such calendar year.

"(b) Except as otherwise provided in sub-section (c) of this section, an employing unit shall cease to be an employer subject to this law as of the first day of January of any calendar year, if it files with the commission, prior to the twenty-fifth of January of such year, a written application for termination of coverage, and the commission finds that there were no thirteen different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight or more individuals in employment subject to this law. For the purpose of this subsection, the two or more employing units mentioned in paragraph (2) or (3) or (4) of Section 9423 (h) shall be treated as single employing unit."

Employment, as used in the Act, is defined generally as "service * * * performed for wages or under any contract of hire, written or oral, express or implied", and excludes: "(E) Service performed in the employ of any other state or its political subdivisions or of the United States Government, or of an instrumentality of any other state or states or their political subdivisions or of the United States".

Employers subject to the Act are required to pay to a fund established by the state, contributions equal to certain percentages of the wages paid to employees. These contributions are properly denominated taxes. A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; In re Independent Automobile Forwarding Corporation, 2 Cir., 118 F.2d 537.

The facts in this case are not disputed. On March 14, 1935, the Parker Russell Company, a Missouri corporation, filed in the federal district court its petition for reorganization under § 77B of the Bank-

ruptcy Act, 11 U.S.C.A. § 207. It continued the possession of its property and operated its business under § 77B until September 11, 1939, when it was adjudicated a bankrupt. On October 2, 1939, appellee was appointed trustee to liquidate the estate. During the reorganization proceedings the company was an employer within the meaning of the Unemployment Compensation Law of Missouri and, as such, was subject to all of the taxes imposed by that Act on account of employment. On March 8, 1939, the Missouri Unemployment Compensation Commission filed in the debtor proceedings its claim for unemployment compensation taxes covering the period from the effective date of the state compensation law to December 31, 1939, inclusive. After the adjudication in bankruptcy, the Commission presented its claim for taxes accruing under the Act from January 1, 1939 to September 30, 1939, inclusive. Both claims were allowed on May 23, 1940, as tax claims having priority. Nothing further was done concerning unemployment compensation taxes until the trustee in bankruptcy, on April 7, 1942, filed his petition for instructions regarding the claims of Missouri for taxes accruing after the appointment of the trustee in bankruptcy. In response to this petition the Missouri Compensation Commission presented the claim which is involved in these appeals.

In a memorandum opinion denying the liability of the trustee, the referee stated the question for determination by him to be whether the trustee in bankruptcy, liquidating a bankrupt estate, is liable for taxes of the character claimed here, merely because of the fact that after his appointment he failed to file with the Unemployment Compensation Commission the written application for termination of coverage required by Missouri law. He decided that the trustee was not liable in the circumstances stated and denied the claim of the Commission as not being "a fair or just claim against the trustee for costs of administration." The order of the referee was approved by the district judge.

We think the referee failed to state accurately the questions presented on this record. They were whether the Missouri Unemployment Compensation Law requires the trustee in bankruptcy to pay unemployment compensation taxes and, if so, whether this requirement is a valid exercise of state power. The trustee contends here that both questions must be answered in the negative.

On the interpretation of the Missouri statute the trustee relied upon the exemption, contained in the Act, of employment in the service of the United States or an instrumentality thereof. But the Act expressly includes a trustee in bankruptcy in the definition of "employing unit". And by the express terms of the Act, an employer is defined as any employing unit acquiring substantially all of the assets of another employing unit, which at the time of such acquisition was an employer subject to the law. The trustee in this case, an employing unit within the Act, acquired all of the assets of the debtor company which, at the time of such acquisition, was an employer subject to the law. In view of these express provisions of the Act, it is impossible to say that it was the intention of the state legislature to exclude a trustee in bankruptcy from the operation of the Act merely by reason of the general exemption relied on by the trustee. It is not to be supposed that the state legislature, in providing for the application of the law to trustees in bankruptcy, should have intended by the language in the exclusion to except them. We think that by employment in the service of the United States or in the service of an instrumentality of the United States, the legislature had in mind that character of employment which is paid for directly from the national treasury, or which is otherwise exempt from such taxation under the provisions of some federal law. Only by a strained construction can the phrase "instrumentality * * * of the United States" be held to include a trustee in bankruptcy. The language in question more aptly describes an administrative agency of some department of the government, or a corporation wholly owned by the government, whose employees are paid directly by the government or some other corporation created as an instrumentality of the United States and which is exempt from such taxation under the terms of a federal statute.

There remains for consideration the contention of the trustee that it is beyond the power of the State of Missouri to impose unemployment compensation taxes upon a liquidating trustee in bankruptcy. By 28 U.S.C.A. § 124a, it is provided that a receiver, liquidator, referee, trustee, or other official or agent appointed

by any United States court, who is authorized by said court to conduct any business, or who does conduct any business, shall be subject to all state and local taxes applicable to such business, the same as if such business were conducted by an individual or a corporation. The trustee contends that a liquidating trustee, who is not operating a business and has no power to operate one, does not come within the terms of the Act quoted. But one case directly upon the point in question is called to our attention in the briefs, and our research has disclosed no other. In the case in question, In re Mid America Company, 31 F.Supp. 601, 606, the district court for the southern district of Illinois reached the opposite conclusion, saying: "Respondent's contention that this section applies only to trustees who are actually carrying on the business of the bankrupt, and not to liquidating trustees, is unconvincing. The phrase 'conduct any business' should not receive a narrow and restricted interpretation, but should be construed to include any activity or operation in connection with the handling and management of the bankrupt estate. That this was the intention of Congress is clear from the further language of this section [28 U.S.C.A. § 124a] which makes the trustee 'subject to all State and local taxes applicable to such business * * * as if such business were conducted by an individual or corporation.' Obviously, if the bankrupts themselves liquidated their respective businesses they would each be liable for contributions with respect to services performed for them in connection with such liquidation. There is no judicial warrant for construing Section 124a, quoted above, in such manner as to deprive employees of the trustee of the benefits of coverage under the Illinois Unemployment Compensation Act [Smith-Hurd Stats. c. 48, § 217 et seq.] merely because their services were performed for a trustee in bankruptcy—defined as an 'employing unit' in the Illinois Unemployment Compensation Act."

The reasoning of Judge Adair in the Mid America case seems sound, and, in the absence of a controlling authority to the contrary, we adopt it here. We are influenced in the conclusion just stated by the opinion of the Supreme Court in the case of Graves v. New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466. The question there was whether the imposition by the State of New York of an income tax on the salary of an employee of the Home Owners Loan Corporation could be sustained as against the contention of the taxpayer that his salary was constitutionally exempt from state taxation because the Home Owners Loan Corporation, his employer, was an instrumentality of the United States government, and he, as an employee, was engaged in the performance of a governmental function. The court sustained the tax. The effect of this decision is to limit narrowly the supposed immunity from taxation by the federal or state governments of employees of the other. In the Graves case, it appeared that the Home Owners Loan Corporation was wholly owned by the United States, that all of its funds were deposited in the Treasury of the United States, and that the compensation of all of its employees was paid by drafts upon the Treasury. Nevertheless, the court sustained the state tax upon the salary of an employee as not constituting a direct or substantial burden upon the federal government. In the present case the tax, as an expense of the administration of the bankrupt estate, is payable from the assets of that estate. By no stretch of the imagination may its collection be held to impose any burden whatsoever upon the United States or to limit or restrict the bankruptcy court as a department of the federal government or the trustee in bankruptcy, as an agent and officer of the court, in the discharge of the duties imposed by the Bankruptcy Act.

Moreover, as was pointed out in Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 60 S.Ct. 279, 84 L.Ed. 322, the unemployment compensation acts of the states are a part of a co-operative effort by the states and the national government to meet the perils to the national welfare attendant upon widespread unemployment. The state unemployment compensation laws were adopted at the invitation of the national government. In such circumstances, an immunity of federal instrumentalities from taxation by the states in the furtherance of the plan in which the national and state governments have joined, should not be implied where none has been expressly provided by Congress.

The judgment of the district court is reversed and the cause is remanded for further proceedings in conformity with this opinion.