## GOGGIN v. BYRAM.
### No. 12020.

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1949.

Rehearing Denied March 23, 1949.

Frank C. Weller and Russell B. Seymour, both of Los Angeles, Cal., for appellant.

Harold W. Kennedy, County Counsel and Andrew O. Porter, Deputy County Counsel, Los Angeles County, both of Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

HEALY, Circuit Judge.

On January 27, 1947, A. Moody & Co., Inc., petitioned for an arrangement under § 322 of the Bankruptcy Act, 11 U.S.C.A. § 722, and an order was made continuing the debtor in possession with permission to operate its business. On March 14, 1947, appellant Goggin was appointed receiver with like powers. Seven days later there was an adjudication of bankruptcy and Goggin became trustee with authority to operate the business.

The bankrupt was a manufacturer of mattresses. A part of its factory premises was under lease to a field warehouse company, and a substantial portion of its stock, namely mattresses and material for the manufacture thereof, had been placed in the possession of the field warehouseman. Warehouse receipts against this property had been issued prior to the initiation of the proceeding, and the receipts had been pledged by the bankrupt to secure an indebtedness owing by it. The balance of the bankrupt's goods, of like character with those in the field warehouse, was unpledged, and the free merchandise was sold by the trustee on April 12, 1947 for about $27,000. On April 4, 1947 the trustee filed a verified statement with the assessor of Los Angeles County showing the property owned, possessed or controlled by the bankrupt as of the first Monday in March, 1947. In this statement the entire quantity of merchandise owned by the bankrupt, both pledged and unpledged, was listed as one item valued at $126,950. The county assessor made a single assessment of the property at the value placed on it by the trustee.

On May 31, 1947, appellee (the county tax collector) filed his claim for $9,979.86, as the amount of the tax upon the property, and petitioned for an order directing its payment. The referee, on the trustee's objection, ordered the claim reduced by the amount of $5,389.90 on the theory, apparently, that the first proviso of § 64, sub. a (4) of the Act,[1] presently to be examined, requires that course. The balance of the tax was allowed as an expense of administration. On June 20, 1947, the trustee petitioned for leave to abandon the pledged property as an asset of the estate, and authority to do so was granted two months later. It may be taken as established that at no time did the bankrupt estate have any equity of value in the pledged goods; also that on or after the inception of the proceeding neither the debtor, the receiver, nor the trustee had actual possession thereof except as to a part, of the assessed value of about $1,000, which was released to the trustee upon his paying its reasonable value. The court on review held the collector entitled to payment of his claim in full as an expense of administration, and the trustee appeals.

So far as appears, the tax claimed by the collector was in all respects unexceptionable, that is to say the amount claimed constituted "taxes legally due and owing by the bankrupt." It is not contended that the valuation placed on the property was excessive, or that the tax was wrongly computed, or that in arriving at the valuation for tax purposes the amount of the encumbrance on the pledged portion of the property was, under state law, required or permitted to be deducted. Admittedly, also, the tax was unsecured, was due and payable on the first Monday in March,[2] and liability for its payment then attached as a personal obligation.[3]

We turn now to § 64, sub. a of the Bankruptcy Act. This, so far as pertinent, pro-

---

[1] 11 U.S.C.A. § 104, sub. a(4).

[2] § 2901, Revenue & Taxation Code of California.

[3] §§ 3003, 3004, Revenue & Taxation Code of California.

870

vides: "(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) * * *; the costs and expenses of administration * * *; (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: Provided, That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court: And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court; * * *."

The trustee's argument, as we understand it, is that the first proviso of this statute prohibits the payment of a tax to the extent that it is based on an assessment in excess of the value of the interest of the bankrupt estate in the property. We disagree. The proviso confers no authority on the court to reduce a tax claim unless the tax exceeds the value of the bankrupt's interest in the property. Glass v. Phillips, 5 Cir., 139 F.2d 1016; In re Ingersoll Co., 10 Cir., 148 F.2d 282. Such was not the case here. The property assessed was one lot of goods, part of which had come into the possession of the estate and was sold for more than the amount of the total tax. We agree with the trial court that the subsequent abandonment of the pledged property did not operate to avoid the personal liability for taxes accrued while the debtor and the trustee were conducting the business pursuant to court order. We find nothing in the Act which relieves the trustee or debtor in possession from the payment of current taxes as they accrue. Cf. Boteler v. Ingels, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442; Swarts v. Hammer, 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060; United States v. Killoren, 8 Cir., 119 F.2d 364.

The Bankruptcy Court is given no authority to redetermine an assessment, or to divide it arbitrarily, after it has been quasi-judicially determined pursuant to state law. Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244. Assuming the doubtful proposition that the trustee was entitled to any relief, his remedy was by application to the county board of equalization. Quinn v. Aero Services, Inc., 9 Cir., 172 F.2d 157.

Affirmed.