**In re SUNRISE CONSTRUCTION COMPANY, INC., a Wyoming corporation, Debtor.**

**Bankruptcy No. 83–00207.**

United States Bankruptcy Court, D. Wyoming.

Aug. 9, 1983.

Ronald P. Arnold, Asst. Atty. Gen., for Atty. Gen., Cheyenne, Wyo., for applicant.

Noel S. Hyde, of Nielsen & Senior, Salt Lake City, Utah, and Ken McCartney, Cheyenne, Wyo., for debtor.

MEMORANDUM OPINION

HAROLD L. MAI, Bankruptcy Judge.

The debtor in this case, Sunrise Construction Company, Inc., filed its petition for relief under Chapter 11 of the Bankruptcy Code on April 8, 1983. At a hearing on May 16, 1983, this Court approved the proposed sale by the debtor-in-possession of certain items of personal property. The terms of the sale were approved by a subsequent order of this Court, dated July 7, 1983. The issue that now must be decided is whether the State of Wyoming may impose excise taxes upon the in-state sale of items of

personal property in partial liquidation of a Chapter 11 debtor.

Section 1107(a) of the Bankruptcy Code empowers the debtor-in-possession to exercise the rights of a trustee. Acting consistently with its powers as trustee, the debtor-in-possession may, after notice and a hearing, "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.S. § 363(b) (Law.Co-op. 1979). Although a liquidation sale of assets of a corporate debtor was not envisioned by the reorganization provisions of the Bankruptcy Act of 1898, such a procedure clearly is allowed by the Bankruptcy Code adopted in 1978. The plan of a debtor under Chapter 11 may "provide for the sale of all or substantially all of the property of the estate." 11 U.S.C.S. § 1123(b)(4) (Law.Co-op. 1979).

With court approval, the debtor has employed an auctioneer to dispose of part of the personal property at public sale; other property will be sold by private sale. The State of Wyoming claims that these sales of property are subject to the Selective Sales Tax Act of 1937, which levies a three-percent (3%) excise tax on all retail sales within the state of tangible personal property. Wyo.Stat. § 39–6–404(a)(i) (1977). Although the tax is to be paid by the purchaser, the vendor must collect the tax and is "liable for the entire amount of taxes imposed." Wyo.Stat. § 39–6–407(a) (Supp. 1982).

The application of the Wyoming sales tax in bankruptcy proceedings is directed by federal law: "Any officers and agents *conducting any business* under authority of a United States court shall be subject to all Federal, State and local taxes *applicable to such business* to the same extent as if it were conducted by an individual or corporation." 28 U.S.C.S. § 960 (1977) (Emphasis added). The mere existence of such a statute suggests that it is necessary if activities within its scope are to be subjected to taxation. The emphasized words in the statute are particularly instructive, because they limit the effect to the activity of conducting a business. Along the same line, most of

the directives in the Wyoming sales tax statutes are aimed at the vendor. The Sales Tax Act defines "vendor" as "any person *engaged in the business of selling* at retail or wholesale tangible personal property . . . ." Wyo.Stat. § 39–6–402(a)(ix) (1977) (Emphasis added). The trustee or debtor-in-possession who is liquidating assets pursuant to an order of the bankruptcy court is not conducting or engaging in a business. As noted earlier, liquidating sales were not contemplated in a reorganization case until the Bankruptcy Code was enacted; however, a trustee was allowed to continue operating the debtor's business under the Bankruptcy Act subject to supervision of the court. Were there no distinction between sales in liquidation and sales in the conduct of a business, no change in the law would have been necessary.

In agreement with the analysis above, most of the recent court decisions have held that the existence of an obligation to pay sales taxes depends on whether the function sought to be taxed was in the nature of "conducting any business." If the trustee sold property as part of a liquidation, no tax was owed; but if the trustee was operating the business, whether for purposes of liquidation or reorganization, state taxes were due on the sale of property in the regular course of business.

There appears to be no dispute that the debtor's estate will be liable for taxes "(w)here the trustee continues to carry on the business of the debtor or operates a continuing business as part of the process of liquidation." *In re New York, N.H. & H.R.R.*, 360 F.Supp. 1155, 1158 (D.Conn. 1973). See also *Boteler v. Ingels*, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78 (1939). On the other hand, no state tax may be collected on the sale of assets of the debtor's estate for the purpose of liquidation. *California State Board of Equalization v. Goggin*, 191 F.2d 726 (9th Cir.1951), *cert. denied,* 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952). It makes no difference that the assets previously had been used in the debtor's business. *State Board of Equalization v. Boteler,* 131 F.2d 386, 388 (9th Cir.1942).

*California State Board of Equalization v. Goggin,* 245 F.2d 44 (9th Cir.), *cert. denied,* 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957), enlarged the category of taxes proscribed in a liquidation sale. "Whether the phrasing of a law imposes a liability directly upon the Trustee to pay a sales tax or indirectly places the burden upon the Trustee by naming the imposition a use tax, which the purchaser at a liquidating sale must pay, the net effect is identical." *Id.* at 45. In either instance, the tax is said to create an impermissible burden upon an essential judicial function of the officers of a United States Court.

A different position appears to have been adopted by the Second Circuit Court of Appeals in *In re Leavy,* 85 F.2d 25 (2d Cir.1936). There, the court held that a tax imposed on the vendee, to be collected by the trustee as the vendor, is valid whether or not the trustee continues the business of the debtor. More recently, the Fifth Circuit seemed to endorse this view, stating that the collection and remission of a sales tax imposed on the purchaser is an inconsequential burden on the trustee. The court also noted that the ultimate economic detriment fell upon the creditors of the estate. *In re Hatfield Construction Co.,* 494 F.2d 1179, 1181 (5th Cir.1974).

These cases do not seem to be currently relevant to trustee administration.

Any notion that the collection of sales taxes is not a heavy burden for the trustee to bear must be dismissed. If the trustee or debtor-in-possession were made responsible for the collection of sales taxes, the State would require an application for a sales tax license, the collection of sales taxes from the purchasers, the filing of sales tax returns, and the preservation of books and records to substantiate the amount of taxes due. Various sanctions, including seizure of property of the estate, could be imposed on the trustee for failure to comply with those requirements. The offer of the State to have someone present at the auction to collect sales taxes from the purchasers appears to be a tacit admission that it would indeed be burdensome to the trustee to perform that task. Removing the responsibility of collecting the tax would not solve the entire problem. A purchaser would not be willing to bid as much for property subject to the sales tax, because his bid would be increased by the amount of the tax. A forced sale of property would be expected to bring a lower price than would be commanded by a sale in the ordinary course of business. If an auctioneer were employed, he certainly would expect a higher fee if he must collect sales taxes. For a debtor attempting to reorganize under Chapter 11, the economic detriment of the sales tax can not be passed along to the creditors. If the plan calls for payment of certain amounts to creditors, a lower return on assets taxed at a liquidation sale means the debtor must find another source of revenue to compensate for the difference.

The cases that permitted a state to impose sales taxes on liquidation sales in bankruptcy were decided before the Code was enacted. Under the Bankruptcy Code, which allows liquidation of assets in the course of a reorganization, the reported decisions declare that no state may impose sales taxes on the liquidation of assets. A bankruptcy court in the Tenth Circuit examined the split of authority under the Bankruptcy Act and decided that a sales tax would be too burdensome on the federal bankruptcy court's process. *In re Rhea,* 17 B.R. 789, 793 (Bkrtcy.W.D.Okl.1982). The latest statement of the prevailing law regarding the imposition of sales taxes is announced in *In re Sheldon's Inc.,* 28 B.R. 568, 10 B.C.D. (CRR) 450 (Bkrtcy.D.Me.1983). After acknowledging that sales tax was owed for the period during which the business was operated by the trustee, the court held that no sales tax could be imposed on a court-ordered bankruptcy liquidation sale. There, as Wyoming has suggested doing in this case, the state had unsuccessfully attempted to place the incidence of the tax on the auctioneer; but the court regarded that move as a burden on the essential liquidation process of the bankruptcy court.

Viewed together, all of these considerations lead to the inescapable conclusion by

this Court that the imposition of sales taxes on liquidation sales of personal property would interfere substantially with an essential judicial function under the United States bankruptcy laws.

■ This Court concludes that no excise tax may be imposed on the vendor or the purchaser of personal property at a liquidation sale in a bankruptcy case, whether conducted by public or private sale, and regardless of the party who would be liable for the tax or responsible for its collection.

Counsel for debtor-in-possession will prepare and submit an appropriate order.