In re SUNRISE CONSTRUCTION
COMPANY, INC., a Wyoming
corporation, Debtor.

STATE OF WYOMING, Appellant,

v.

SUNRISE CONSTRUCTION
COMPANY, Appellee.

No. C83–401–K.

United States District Court,
D. Wyoming.

June 7, 1984.

Ron Arnold, Sr. Asst. Atty. Gen., for the State of Wyo., Cheyenne, Wyo., for appellant.

Rhonda Woodard and Ken McCartney of the firm of Trierweiler, Bayless, Barrett & McCartney, Cheyenne, Wyo., for appellee.

ORDER REVERSING BANKRUPTCY
DECISION

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court

as an appeal from the decision of the United States Bankruptcy Court, the Court having heard the arguments of counsel and having considered all material on file herein and being fully advised in the premises, FINDS:

That this action is an appeal from the decision of the Bankruptcy Court, in which decision it was determined that no excise tax could be imposed on the vendor or purchaser of personal property at the liquidation sale held therein. The relevant facts from the proceeding below are as follows.

The appellee, Sunrise Construction Company, Inc. filed Chapter 11 bankruptcy in April 1983. In July 1983, the Bankruptcy Court approved a partial liquidation sale of personal property. The written advertisements prepared by the auctioneer explained that the sale would be subject to Wyoming's sales tax. At the sale, held on July 21, 1983, $16,849.20 in sales tax was collected by the auctioneer and remitted to the State of Wyoming. The tax was paid by purchasers. No tax was collected on the sale of motor vehicles as that sales tax is due upon registration.

The Bankruptcy Court, per memorandum opinion, 32 B.R. 257, determined that "no excise tax may be imposed on the vendor or the purchaser of personal property at a liquidation sale in a bankruptcy case, whether conducted by public or private sale, and regardless of the party who would be liable for the tax or responsible for its collection." Memo. Op. at p. 4. The State of Wyoming has appealed the decision.

The first consideration must be the status of the liquidation sale under state law. Wyoming law provides:

Except as provided by W.S. 39–6–405, there is levied and shall be paid by the purchaser on all sales of twenty-five cents ($.25) or more an excise tax of three percent (3%) upon: the sales price of every retail sale of tangible personal property within the state. W.S. 39–6–404(a)(i)

"Retail sale" is defined as:

the sale of tangible personal property to a person for use and not for subsequent resale. W.S. 39–6–402(a)(ii).

The sales exempt from the tax imposed are named in W.S. 39–6–405. A bankruptcy liquidation sale is not so named therein, neither is any other type of sale within which a bankruptcy liquidation sale might be included. State law then imposes sales tax on such sales.

The second consideration is whether such a tax, imposed by the state, conflicts with or otherwise burdens the federal law and bankruptcy process.

While there is adequate case law on the question, courts are split. The split is evident prior as well as subsequent to the 1978 Bankruptcy Code. This fact weakens appellee's argument that the code somehow represents congressional intent that liquidation sales be exempt from tax. In fact, there is no express exemption created by Congress, and in the opinion of this Court, no exemption intended. 28 U.S.C. § 960 states:

Any officers and agents conducting any business under authority of a United States court shall be subject to all federal, state and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

Reliance on this provision for the notion that liquidation sales are exempt from state tax is misplaced. While some courts have adopted a very narrow reading of the phrase "conducting any business," and thereby conclude that taxes need not be collected from liquidation, this Court tends toward the reasoning of the Eighth Circuit in *State of Missouri v. Gleick*, 135 F.2d 134 (8th Cir.1943). The court there rejected the argument that "conducting any business" meant carrying on the day-to-day business of the bankrupt and stated, citing *In re Mid America Co.*, 31 F.Supp. 601, 606 (S.D.Ill, N.D.1939):

The phrase 'conduct any business' should not receive a narrow and restricted interpretation, but should be construed to include any activity or operation in connection with the handling and management of the bankrupt estate. *Gleick, supra* at 137.

See also *In Re Hubs Repair Shop, Inc.*, 28 B.R. 858 (Bkrtcy.1983). This Court agrees that the "business" of proceeding with partial liquidation is sufficient conduct to subject the sale to state taxation pursuant to § 960.

In further support of the position that federal law does not exempt liquidation sales from state tax is the proposition set forth by the United States Supreme Court in *Swarts v. Hammer*, 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060 (1904):

> By the transfer to the trustee no mysterious or peculiar ownership or qualities are given to the property. It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the state and municipality, or which should exempt it from its obligations to either. If Congress has the power to declare otherwise and wished to do so *the intention would be clearly expressed*, not left to be collected or inferred from disputable considerations of convenience in administering the estate of the bankrupt. (*Swarts* at 444 [24 S.Ct. at 696.] emphasis added)

This Court finds no conflict in federal law with the state imposed tax.

Appellee argues that the state sales tax impermissibly burdens the bankruptcy process both administratively and economically. This Court is not persuaded by such argument. While some administrative duties are incident to the tax, the actual collection is the responsibility of the auctioneer, who routinely handles such matters. The requirement of obtaining a license and the filing of a monthly return can hardly be called a burden on the bankruptcy process.

Further, there is no evidence that the purchases at the sale in question or at any liquidation sale bid less because they believed a four percent sales tax was being imposed. The Court is simply unpersuaded by such argument. It appears appropriate here to point out that failure to impose the tax, while greatly detrimental to the state, does not provide a benefit to the bankrupt. Rather, it is the purchasers at any bankruptcy liquidation sale who profit. It is not the function of the bankruptcy process to reward the various purchasers who happen to take part in the sale.

The state imposed tax does not impermissibly conflict with or burden the bankruptcy process. For the above-stated reasons,

NOW, THEREFORE, IT IS ORDERED that the decision of the Bankruptcy Court entered August 9, 1983 be, and the same is, hereby reversed; it is

FURTHER ORDERED that the $16,-849.20 collected as sales tax be, and the same is, hereby directed to be payed to the State of Wyoming.