JAMES C. HILL, Circuit Judge,
dissenting:
I respectfully dissent. The correct resolution of the issue presented in this case is not at all clear. While we are not given sufficient navigational aids by Congress, the waters on which we venture are not uncharted. In 28 U.S.C. § 960, Congress provided that:
Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State, and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.
We find no other expression by Congress on the general subject presented on this appeal, and our task is thus to interpret section 960 and apply it to the present case.
Property in bankruptcy is subject to applicable state and local taxes absent a clear expression by Congress of an intent to create an exemption. Swarts v. Hammer, 194 U.S. 441, 444, 24 S.Ct. 695, 696, 48 L.Ed. 1060 (1904). When Congress addressed the question of whether or not the sale of merchandise by a trustee in bankruptcy is subject to state taxation, it is clear that it came down on the side of respecting the state taxing authority. Congress knew that a trustee in bankruptcy is often faced with the task of liquidating the business, which involves the disposing of merchandise to those who usually buy such merchandise. Although liquidation sales of inventory by a trustee are terminal, these are the same types of business transactions which the bankrupt company regularly conducted prior to the appointment of a trustee. If a corporation undertakes to liquidate its entire inventory of merchandise and go out of business, it can hardly be said that the corporation was not “conducting its business,” even though at the end of the series of transactions the business would be at an end.
Accordingly, I conclude that, although not entirely clear, section 960 should be interpreted as providing for the eventuality of liquidation by the trustee, just as it provides for transactions by the trustee in operating the business as a going concern. Selling to customers from a going-concern and selling to customers in order to liquidate inventory both appear to me, without more specific congressional action, to constitute “conducting any business” so as to subject the sales to state taxation under section 960.
I am persuaded that the rationale of State of Missouri v. Gleick, 135 F.2d 134 (8th Cir.1943), is sound. The taxable transaction in that case was not the same as the transaction at issue in the instant case, but the analysis does, I believe, apply.
*892 This issue will not infrequently occur, and its resolution appears to be in conflict in the federal courts. It should be resolved.