**In re Mary F. TROWBRIDGE, Debtor.**

**Bankruptcy No. 80–02654G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 8, 1987.

Mary F. Trowbridge, debtor.

Leo F. Doyle, Philadelphia, Pa., for the trustee, Leonard P. Goldberger.

Leonard P. Goldberger, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., trustee.

## MEMORANDUM OPINION

BRUCE FOX, Bankruptcy Judge:

This matter, *sub judice*, involves a dispute between the trustee and the debtor over responsibility for payment of postpetition real estate taxes. The trustee is prepared to make final distribution of the assets of the estate, pursuant to 11 U.S.C. § 726, and there are sufficient funds on hand to pay all creditors the full amount of their claims along with postpetition interest to unsecured claimants under section 726(a)(5). This dispute has arisen because the trustee proposed to distribute unneeded estate assets to the debtor pursuant to § 726(a)(6). The property in question is the real estate located at 329 Main Street, Spring Mount, in Montgomery County Pennsylvania. While it was necessary for the trustee to liquidate other estate assets, their sale generated sufficient funds to pay all claims in full, entitling the debtor to the return of this property.

The trustee's position is that postpetition real estate taxes which have accrued on the Montgomery County property should be the debtor's responsibility to be paid when she receives the property because the tax liability is neither a prepetition debt nor is it an administrative expense claim within the meaning of 11 U.S.C. § 503(b). The debtor, who is representing herself, argues

that the trustee had control of the real estate since the filing of the petition in 1980, and thus, the estate should be responsible for all postpetition property taxes.

At issue are real estate taxes totalling approximately $700.00 due for the years 1985 onward. Postpetition real estate taxes incurred prior to 1985 have been paid by the estate and the trustee makes no claim to recover these tax payments.

In general, postpetition property taxes, (as well as certain other taxes), are treated as an administrative expense liability of the estate under section 503(b)(1)(B) and allowed as a first distribution priority pursuant to 11 U.S.C. § 507(a)(1). *See Matter of Hirsch-Franklin Enterprises, Inc.,* 63 B.R. 864, 870–871 (Bankr.M.D.Ga.1986); *In re Carlisle Court, Inc.,* 36 B.R. 209, 217 (Bankr.D.D.C.1983). *See generally United States v. Redmond,* 36 B.R. 932 (D.Kan. 1984); *In re St. Louis Freight Lines, Inc.,* 45 B.R. 546, 549 n. 5 (Bankr.E.D.Mich. 1984); S.Rep. No. 95–989, 95th Cong., 2d Sess. 66 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787; 3 *Collier on Bankruptcy,* ¶ 503.04 (15th ed. 1987). At least two related rationales underlie this general principle, insofar as property taxes are concerned. First, the trustee, on behalf of the estate, has control of real property, postpetition, and this property has received all of the benefits and services provided by local government, for which local property taxes are intended as some recompense. *See Swarts v. Hammer,* 194 U.S. 441, 444, 24 S.Ct. 695, 696, 48 L.Ed. 1060 (1904). In addition, the stay under section 362(a), which protects property of the estate, prevents taxing authorities from asserting liens against the property in order to insure or compel payment of postpetition taxes. *In re Carlisle Court, Inc.,* 36 B.R. at 214.

The trustee seems to offer no quarrel with these tenets. However, he does contend that when property is distributed to the debtor under § 726(a)(6), postpetition taxes related to that property "would neither be a necessary expense of preserving the estate.... nor would such payment benefit the estate in any way because the

debtor is the sole beneficiary of the property." (Trustee's Motion ¶ 6).

To the extent that the trustee is focusing upon the provisions of 11 U.S.C. § 503(b)(1)(A), his argument is slightly misplaced. If this tax is treated as an administrative expense, such a conclusion would be derived from section 503(b)(1)(B)(i) which refers only to taxes "incurred by the estate." Whether a tax is incurred by the estate may well be a different question from whether a tax benefits the estate or is necessary to the preservation of the estate. *See In re Sunset Enterprises, Inc.*, 49 B.R. 296 (Bankr.W.D.Va.1985) (postpetition abandoned mine reclamation fees are administrative expenses, as postpetition taxes, although these fees benefit the public and not the individual mine operator).

The central issue then, in this matter, is whether the estate has incurred the postpetition property taxes which have accrued on the Montgomery County real estate. Here, the trustee has had exclusive control over the property since the inception of this case, as it is property of the estate. *See* 11 U.S.C. §§ 541, 542, 704, 726. While the property has been in the trustee's control, the automatic stay has been in effect, 11 U.S.C. § 362; moreover the debtor has been unable to alienate or control the use of the property. Conversely, the trustee has been free to sell, use, or lease the property for the benefit of the estate. In these circumstances, I must conclude that property taxes arising postpetition on property of the estate represent taxes incurred by the estate.

Such a result is not unfair, for if the property were of no benefit to the estate, the trustee was free to abandon the property (or creditors or the debtor were free to seek to have the property abandoned) pursuant to 11 U.S.C. § 554. Once property is abandoned, it is no longer property of the estate, and thus taxes incurred subsequent to abandonment are not incurred by the estate. *In re Carlisle Court, Inc.*, 36 B.R. at 217–218. *See also United States v. Redmond*, 36 B.R. at 934 (confirmation vests all property of the estate in the debtor so that postconfirmation taxes, as opposed to preconfirmation taxes, are not administrative expenses). *Cf. In re Skinner Lumber Co.*, 35 B.R. 31 (Bankr.D.S.C.1983) (the classification of a claim may be affected by the abandonment of property).[1] Here, though, the property was never abandoned; rather, the property is being distributed to the debtor in the normal distribution process established by § 726. Thus, the postpetition taxes were incurred by the estate.[2]

The trustee's motion must be denied.[3] An appropriate order will be entered.

---

**1.** Implicitly, the trustee concedes, by his payment of pre–1985 taxes, that property taxes are the estate's responsibility until a determination is made that the asset does not benefit the estate. That determination should be reflected by a motion to abandon, which, if granted, will remove the asset from the estate.

**2.** Some courts have held that postpetition taxes which are not administrative expenses, but which are of a kind described by 11 U.S.C. § 507(a)(7), are prepetition priority claims by virtue of 11 U.S.C. § 502(i). *See In re Carlisle Court, Inc.*, 36 B.R. at 217:

To the extent that a tax claim merely arises after commencement of the case, is a tax within the defined parameters of § 507(a)[7] and is not incurred by the estate, as is required by § 503(b)(1)(B) then it is properly relegated to a prepetition status under § 502(i).

(footnotes omitted.)

Here, given the size of the estate, it makes no functional difference whether the tax claim is classified as an (a)(1) or (a)(7) priority—the claim would be paid in full in either case. However, while I note this issue, I will not attempt to interpret the meaning of § 502(i) since I conclude that § 503(b)(1)(B)(i) is applicable.

**3.** This decision may have a consequence unforeseen to the parties. The payment of the tax claim by the trustee will diminish the funds available for the payment of interest to the other creditors pursuant to 11 U.S.C. § 726(a)(5). This, in turn, might require that the trustee liquidate the subject property, rather than distribute it to the debtor, in order to comply with the distribution scheme of 11 U.S.C. § 726(a). In effect, the debtor may have won the battle but lost the war. To avoid the liquidation of the property, the debtor may wish to pay the trustee the amount of money necessary to pay the section 726(a)(5) claims from her exempt or postpetition assets. I note also that one of the claimants who may be entitled to

postpetition interest is the daughter of the debtor and she may wish to waive her right to the payment of interest. In any event, these issues are not before me at this time. In fairness to the debtor who is unrepresented, counsel to the trustee should explain to the debtor her options in this regard.