## In re MAILMAN STEAM CARPET CLEANING, INC., Debtor.

### Mailman Steam Carpet Cleaning, Inc., Plaintiff,

v.

### Richard Salem, Chapter 7 Trustee, Defendant.

Bankruptcy No. 93–40746(JBR).

Adversary No. 00–4149(JBR).

United States Bankruptcy Court, D. Massachusetts.

Dec. 13, 2000.

Steven Kressler, Worcester, MA, for Mailman Steam Carpet Cleaning, Inc., debtor/plaintiff.

Richard P. Salem, Leicester, MA, Chapter 7 Trustee.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court is the determination of an adversary proceeding brought by the Plaintiff, Mailman Steam Carpet Cleaning,

Inc., hereinafter "the Debtor." Following submissions and argument by the parties, the Court finds the facts as follows: the Debtor corporation filed a Chapter 7 bankruptcy petition on March 15, 1993. The case was converted to Chapter 11 on April 5, 1993 and operated in Chapter 11 until its re-conversion to Chapter 7 on December 6, 1993. At that time Richard P. Salem, hereinafter "the Trustee," was appointed as Chapter 7 Trustee. The Debtor brought this action seeking an order from this Court that the Trustee should pay, from estate funds, certain real estate taxes owed on a single parcel of real property owned by the Debtor and known as 140 South Main Street in Gardner, Massachusetts, hereinafter "the Property." The Debtor argues that the Trustee should pay the real property taxes on the Property from the date of conversion of the Debtor's bankruptcy case to Chapter 7 on December 6, 1993 through March 7, 1996, the date of court approval of abandonment of that piece of real property by the Trustee. It is uncontested that the Property was property of the Chapter 7 estate from the time of the conversion on December 6, 1993 through March 7, 1996. The Debtor contends that because the Property was under the exclusive dominion of the Trustee from the time the Debtor's case was converted to Chapter 7, the Trustee should pay the taxes as an administrative expense of the estate. The Debtor argues that it had no ability to exercise any control over the Property during the time period in question insofar as the Trustee's role eliminated the Debtor's ability to use, rent or convey the Property. The Trustee contends that because the Property was of no value or benefit to the estate, the taxes should not be paid from estate funds. Instead, the Trustee asserts that the Debtor, to whom the Property reverted upon the effectiveness of the Trustee's abandonment, should pay the real estate taxes as the only party deriving a benefit from the Property.[1]

In support of its contentions the Debtor cites authority from various courts around the country arguing that this is an issue of first impression in this Circuit. One case cited by the Debtor is *In re Trowbridge*, 74 B.R. 484 (Bankr.E.D.Pa.1987). The *Trowbridge* case involved a Chapter 7 debtor whose estate had generated enough to pay all claims in full and resulted in the trustee's abandonment of a parcel of real estate on which past due real estate taxes were due. *Trowbridge*, 74 B.R. at 485. The court said, "[i]n general, postpetition property taxes, . . . are treated as an administrative expense liability of the estate under section 503(b)(1)(B) and allowed as a first distribution priority pursuant to 11 U.S.C. § 507(a)(1)." *Trowbridge*, 74 B.R. at 485, *citing Matter of Hirsch–Franklin Enterprises, Inc.*, 63 B.R. 864, 870–871 (Bankr.M.D.Ga.1986); *In re Carlisle Court, Inc.*, 36 B.R. 209, 217 (Bankr. D.D.C.1983). *See generally, United States v. Redmond*, 36 B.R. 932 (D.Kan.1984); *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546, 549 n. 5 (Bankr.E.D.Mich.1984); S.Rep. No. 95–989, 95th Cong., 2d Sess. 66 (1978), *U.S.Code Cong. & Admin.News* 1978, p. 5787; 3 Collier on Bankruptcy, ¶ 503.04 (15th ed.1987). The *Trowbridge* court, relying on that proposition, determined that the issue was whether the estate has incurred the postpetition property taxes. *Trowbridge*, 74 B.R. at 486. In that case, since the debtor had been unable to alienate or control the use of the property while the trustee had been able to use, sell, or lease the property for the benefit of the estate, the property taxes were found to have been incurred by the estate. *Trowbridge*, 74 B.R. at 486.

---

1. The Debtor's President testified at trial in this matter that the Property was contaminated by its past use as a gas station prior to its purchase by the Debtor. Although not directly relevant to the matter at hand, the Court recognizes that such contamination, and the resultant need to remediate, led to litigation between the Debtor and the prior owner of the Property which resulted in a settlement for the estate as the Debtor's bankruptcy was filed during the pendency of the litigation.

"Such a result is not unfair, for if the property were of no benefit to the estate, the trustee was free to abandon the property (or creditors or the debtor were free to seek to have the property abandoned) pursuant to 11 U.S.C. § 554. Once property is abandoned, it is no longer property of the estate, and thus taxes incurred subsequent to abandonment are not incurred by the estate." *Trowbridge,* 74 B.R. at 486, *citing In re Carlisle Court, Inc.,* 36 B.R. at 217–18 (additional citations omitted). This Court agrees, and the result is further buttressed by another case cited by the Debtor, *In re Farris,* 205 B.R. 461 (Bankr.E.D.Pa.1997). In *Farris,* the property in question, like the Property concerned herein, did not confer a benefit on the bankruptcy estate. Despite that, the court stated that "does not relieve the estate of its requirement under the Code to pay the real property taxes and assessments that were incurred when the Property was being administered by the Trustee." *Farris,* 205 B.R. at 465.

In the case at bar, the Court finds the Debtor's arguments persuasive. While the Court does not wish to encourage Trustees to be cursory in their review of value of real estate within Chapter 7 estates, the Court also does not wish Trustees to languish over that decision only to turn property over to a debtor who has already gone through bankruptcy and will, as a result of the Trustee's actions, face a postpetition tax debt. Such a postpetition debt, carried unpaid by a taxing authority for the duration of the Trustee's control over the property, is of concern to the Court. Fairness requires a better result. The Court finds that the Trustee had ample time to review the value of the property and, if appropriate, abandon it. Over twenty-six months elapsed while the Trustee made a determination with regard to the property, only to abandon it leaving a past due tax bill. It is essential to this Court's determination herein that the Trustee put forth at trial no reasonable explanation for his actions. It is not equitable for Trustees to hold property that is not actively being adminis-

tered in some way in the hope that it will eventually, perhaps over two years later, confer a benefit without requiring payment of the administrative costs of the Property.

Furthermore, the Court finds no authority in the Bankruptcy Code requiring the Debtor to move for abandonment. Although it may have been judicious, it is not required, and the burden is on the Trustee to provide for property within a bankruptcy estate. For the foregoing reasons, under the specific facts presented herein, it is hereby Ordered that the Defendant shall pay, from estate funds on hand, the real estate taxes on the Property for the period between December 6, 1993 through March 7, 1996.

It is so ORDERED. Plaintiff's Counsel shall submit a proposed Order in conformity hereof within ten days.