### In the Matter of WOODLAND BUILDERS, INC., Debtor.

**Martin W. HOFFMAN, Trustee, Movant,**

v.

**R & E BUILDERS, INC., Kurt H. Nyman, Anne R. Nyman, Jin Sun Bok, Mi Ae Lee Bok, Stavens Brothers, Inc., Craig A. Laplante, Joann C. Laplante, C & D Construction, Inc., State of Connecticut, Department of Labor, Reliable Refuse, Inc., Town of Glastonbury, Tax Collector, and Woodland Builders, Inc., Debtor, Respondents.**

**Martin W. HOFFMAN, Trustee, Movant,**

v.

**TOLLAND BANK, F.S.B., R & E Builders, Inc., Eileen Singer, Rory Singer, Crest Plumbing & Heating Co., Stavens Brothers, Inc., C & D Construction, Inc., Nelson Drywall Co., Inc., State of Connecticut, Department of Labor, Town of Glastonbury, Tax Collector, and Woodland Builders, Inc., Debtor, Respondents.**

Bankruptcy No. 2–87–00660.
Motion Nos. 2–87–0242M, 2–87–0243M.

United States Bankruptcy Court, D. Connecticut.

July 1, 1988.

Martin W. Hoffman, Hartford, Conn., for movant-trustee.

Thomas S. Marrion, Tyler Cooper & Alcorn, Hartford, Conn., for Town of Glastonbury, Tax Collector.

Joan E. Pilver, Hartford, Conn., for State of Conn., Dept. of Labor.

### MEMORANDUM AND ORDER ON REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE AND BACKGROUND

At issue in this proceeding is whether sales of realty by a chapter 7 trustee liqui-

dating a debtor's estate are subject to state-imposed real estate conveyance taxes. The underlying facts can be briefly stated.

On August 3, 1987, the court entered an order for relief upon an involuntary chapter 7 petition filed against Woodland Builders, Inc. (the debtor). The sole assets of the debtor's estate were two residential properties apparently constructed prepetition by the debtor and located in Glastonbury, Connecticut. On motions of Martin W. Hoffman, the estate trustee, the court approved the sales of both properties free and clear of numerous liens. The trustee sold one property (lot 17) by private sale for $190,000.00, and the other (lot 54) at public auction for $176,000.00. The trustee refused to pay the real estate conveyance tax for either sale demanded by the Town Clerk of Glastonbury, contending that liquidation sales by a chapter 7 trustee are exempt from such taxes. The Town of Glastonbury (Town) and the State of Connecticut (State) now seek payment of those taxes.

## II.

### DISCUSSION

#### A.

Conn.Gen.Stat. § 12–494 imposes "[f]or the privilege of making any sale or transfer of an interest in real property", a tax on every such sale, payable to the town clerk of the municipality where the property is located, by the "person" conveying the property. Conn.Gen.Stat. § 12–494 (1987). The tax due the State is $^{45}/_{100}$ths of 1% of the full purchase price and the tax due the Town is $1.10 for each $1,000.00 of the purchase price or fractional part thereof. *Id.* The tax is payable upon the recording of the conveyance except that if a dispute arises over a claimed exemption, the town clerk may not refuse to record the document. Conn.Gen.Stat. § 12–497 (1987). Numerous exempt transactions are set out in Conn.Gen.Stat. § 12–498, and include "transfers by or to any municipality, by or to the state of Connecticut or the United States of America or any of their instrumentalities, agencies or political subdivi-

sions ... ." Conn.Gen.Stat. § 12–498 (1987). Conn.Gen.Stat. § 12–1 states that in statutes relating to assessment or collection of taxes, the word "person" is defined to include a "trustee" or "other fiduciary or custodian." Conn.Gen.Stat. § 12–1 (1987).

Section 503(b)(1)(B) of the Bankruptcy Code imposes liability upon a bankruptcy estate for "administrative expenses". 11 U.S.C.A. § 503(b)(1)(B) (West Supp.1988). These expenses include "any tax incurred by the estate", with certain exceptions not relevant here. *Id.* 28 U.S.C. § 960 requires that "officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation." 28 U.S.C. § 960 (1982).

#### B.

The trustee contends that none of the above-listed state or federal statutes requires him to pay the conveyance taxes, that a bankruptcy estate is immune from state taxation under the Supremacy Clause, and that § 12–498 violates the Equal Protection Clause. His initial argument is that Conn.Gen.Stat. § 12–498 specifically exempts any instrumentality of the United States from the conveyance tax, and that in this circuit the court of appeals has ruled that a trustee in a bankruptcy case is such an instrumentality. *In re Leavy,* 85 F.2d 25, 27 (2d Cir.1936).

In *Leavy,* a bankruptcy trustee sold stock and fixtures at a public auction in New York City. Local law imposed a sales tax of 2% on the purchaser, with a concomitant requirement that the seller collect the tax for remittance to the city. The *Leavy* trustee refused to collect the tax, contending that the Supremacy Clause doctrine established by *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819) forbade a state or municipality from taxing the operation of an instrumentality of the federal government. The court of appeals held that requiring a bankruptcy trustee to collect a sales tax imposed on a *purchaser*

"cannot be regarded as unlawfully burdening an instrumentality of the government." *Leavy,* 85 F.2d at 26. In elaboration of its holding, the court went on to say:

> A tax on a sale made by a trustee under an order of court for purposes of liquidation *if payable directly and primarily by him* would doubtless be a burden on a governmental instrumentality, for a judicial sale in liquidation of a bankrupt estate would in a peculiar sense involve the exercise of a federal function.

*Id.* at 27 (emphasis added).

This particular holding of *Leavy* has been both followed and rejected in other circuits. *Compare, e.g., In re Cusato Bros. Int'l, Inc.,* 750 F.2d 887 (11th Cir.) (following), *cert. denied,* 472 U.S. 1010, 105 S.Ct. 2707, 86 L.Ed.2d 722 (1985) *with, e.g., State of Missouri v. Gleick,* 135 F.2d 134 (8th Cir.1943) (rejecting).

### C.

██ The State, supported by the Town, claims that if *Leavy* must be followed by this bankruptcy court and a bankruptcy trustee in a liquidating case is to be considered a United States instrumentality immune from state taxes assessed "directly and primarily" against him, then Congress has waived this immunity. They point to § 503(b)(1)(B) of the Code which mandates payment of taxes incurred by an estate and 28 U.S.C. § 960 which waives the immunity for taxes levied against officers and agents "conducting any business under authority of a United States court."

The trustee counters that § 960 refers to officers and agents "conducting any business" and accordingly does not apply to a non-business-operating trustee liquidating assets in a chapter 7 case. While there are cases that adopt the trustee's narrow reading of § 960, *see e.g., In re Cusato Bros. Int'l, Inc.,* 750 F.2d at 890–91; *California Board of Equalization v. Goggin,* 245 F.2d 44, 46–48 (9th Cir.), *cert. denied,* 353 U.S.

961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957); *In re Samoset Assoc.,* 14 B.R. 408, 413–14 (Bankr.D.Me.1981), I believe the better view is that § 960 includes trustees who are liquidating assets, at least as regards conveyance or sales taxes. *See State of Missouri v. Gleick,* 135 F.2d at 137; *In re Mid America Co.,* 31 F.Supp. 601, 606 (S.D. Ill.1939); *In re Loehr,* 98 F.Supp. 402, 403 (E.D.Wis.1950); *Ernst v. Iowa Dep't of Rev. (In re Hubs Repair Shop, Inc.),* 28 B.R. 858, 868–70 (Bankr.N.D.Iowa 1983); *State of Wyoming v. Sunrise Constr. Co., Inc. (In re Sunrise Constr. Co., Inc.),* 39 B.R. 668, 669–70 (D.Wyo.1984); *Bezanson v. State of Maine (In re Warmings A.G. Food Center),* 50 B.R. 748, 750–51 (D.Me.) *aff'd,* 782 F.2d 1024 (1st Cir.1985).[1] Many of these latter courts rely on the following trenchant observation of the Supreme Court in *Swarts v. Hammer,* 194 U.S. 441, 444, 24 S.Ct. 695, 696, 48 L.Ed. 1060 (1904) (citations omitted), where the Court ruled a bankruptcy trustee is liable for a city tax on estate property:

> The question is not the extent of the power of Congress over the subject of bankruptcy, but what Congress intended by the act of 1898. By section seven of that act the title to all of the property of the bankrupt not declared to be exempt is vested in the trustee. By the transfer to the trustee no mysterious or peculiar ownership or qualities are given to the property. It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the State and municipality, or which should exempt it from its obligations to either. If Congress has the power to declare otherwise and wished to do so the intention would be clearly expressed, not left to be collected or inferred from disputable considerations of convenience in administering the estate of the bankrupt.

---

1. *In re New York, New Haven, and Hartford R.R. Co.,* 360 F.Supp. 1155 (D.Conn.1973), cited by the trustee as supporting the proposition that § 960 does not apply to a nonoperating trustee, is not all that clear. The court stated that where a trustee operates a business "as part of the process of liquidation", the debtor's estate is liable for state taxes. *Id.* at 1158. Where, as here, the trustee sold properties that it was the business of the debtor to sell, I believe that the court might have found § 960 applicable.

Some of these courts also refer to *Graves v. New York*, 306 U.S. 466, 483, 59 S.Ct. 595, 599, 83 L.Ed. 927 (1939), which ruled "that the implied immunity of one government and its agencies from taxation by the other should, as a principle of constitutional construction, be narrowly restricted. For the expansion of the immunity of the one government correspondingly curtails the sovereign power of the other to tax ...."

The Supreme Court, in *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859, *reh'g denied*, 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736 (1986), recently has given a signal that it would look favorably upon the application of § 960 to a liquidating trustee in the matter of responsibility for state conveyance taxes. 28 U.S.C. § 959(b) is a counterpart to § 960 and provides that a "trustee ... appointed in any cause pending in any court of the United States ... shall manage and operate the property in his possession ... according to the requirements of the valid laws of the State in which such property is situated ...." In *Midlantic*, a bankruptcy trustee in a chapter 7 case had sought to abandon realty in which the estate had no equity because of the considerable expense of complying with New Jersey and New York State laws requiring him to remove toxic wastes from the realty. In response to an argument that § 959(b) commands the trustee to comply with state law, the trustee claimed that § 959(b) applied only when a trustee was *operating* the business of the debtor and not when he was *liquidating* it. Justice Powell, writing for the Court majority, held that § 959(b) was as relevant to a liquidating trustee as to an operating one when he stated that § 959(b) "supports our conclusion that Congress did not intend for the Bankruptcy Code to preempt all state laws that otherwise constrain the exercise of a trustee's powers."

*Midlantic*, 474 U.S. at 505, 106 S.Ct. at 761.

■ Concluding as I do that § 960 requires a liquidating trustee selling realty to pay state conveyance taxes, then logic and common sense dictate that § 12–498, in exempting instrumentalities of the United States, must be read to apply only to those instrumentalities where Congress has not legislated a waiver.

### D.

■ A further defense of the trustee to the payment of the tax is his claim that § 12–498(a) contains arbitrary and unreasonable classifications in violation of the Equal Protection Clause of the United States Constitution, § 1 of the Fourteenth Amendment. Subdivision (9) of § 12–498(a) exempts from the conveyance tax conveyances made pursuant to decrees of a state court in marriage dissolution actions, lien foreclosure proceedings where foreclosure by sale is ordered, and partition actions. The trustee makes the following argument.

The state-court-ordered conveyances made in foreclosure proceedings are "procedurally similar to the sales" made by him in this estate. In both situations liens of secured creditors attach to proceeds. Imposing a tax on the sale ordered by a federal bankruptcy court and not on a sale ordered by a state court "constitutes unfair discrimination against the Trustee in violation of the Equal Protection Clause of the Fourteenth Amendment." *Trustee's Memorandum* at 5. *See Sandoz v. State of Louisiana Dep't of Rev. and Taxation (In re Oilfield Instruments)*, 53 B.R. 199, 207–210 (Bankr.W.D.La.1985).

The State denies that the attacked statute has any discriminatory intent or effect. According to its limited legislative history, subsection (9), along with certain other amendments to the statute added in 1985, were enacted to clarify what would constitute transfers on which the tax was to be levied.[2] The newly-exempted transactions,

---

2. "Rep. Emmons (101st):

Thank you, Mr. Speaker. What this amendment does is to clarify the definition of conveyance. There has been a question to the conveyance tax passed last year as to how

many transfers or assigns are subject to the conveyance tax, with some people believing that transfers between spouses where no consideration, decree from divorces, etc. So anyway, what is (sic) has is four, five sections to

for the most part, involve *involuntary* transactions. Transfers, the State emphasizes, more akin to bankruptcy sales, such as conveyances by a court-appointed receiver (*see* Conn.Gen.Stat. §§ 33–383, 33–493, and 52–504), or court-appointed guardians, conservators, and trustees (*see* Conn.Gen. Stat. § 45–238), remain subject to the conveyance tax. Consequently, the State contends, the trustee's "treatment is no different from that of other similarly situated fiduciaries, and no different from the vast majority of persons conveying property in the State of Connecticut." *State's Reply Memorandum* at 5.

The Supreme Court, in *Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940) (footnotes omitted), set the relevant standard for the issue raised by the trustee:

> [I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification .... [T]he presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.

Applying this doctrine to the trustee's contention, I conclude that he has not met the heavy burden he bears. The exemptions selected by the State in § 12–498 are not so arbitrary that I can hold that they do not "rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *Allied Stores of Ohio, Inc. v. Brown*, 358 U.S. 522, 527, 79 S.Ct. 437, 441, 3 L.Ed.2d 480 (1959) (citations omitted).

The distinction between the generally involuntary conveyance and the voluntary conveyance establishes a conceivably rational basis for the differences in the classification in § 12–498(a). They are at least sufficiently reasonable to pass constitutional muster.

> those transactions that would be exempt to the conveyance tax, and I move its adoption."

## III.

### CONCLUSION

In light of the foregoing analysis, I conclude that the request for payment of the Town of Glastonbury and the State of Connecticut should be granted. The debtor's estate is liable for conveyance taxes due the State in the amount of $855.00 for lot 17 and $792.00 for lot 54, payable as allowed administrative expenses out of the proceeds of the sales. The debtor's estate is similarly liable for conveyance taxes due the Town in the amount of $209.00 for lot 17 and $193.60 for lot 54. It is

SO ORDERED.

28 H.R.Proc. Pt. 22, 1985 Sess. at 7972 (statement of Rep. Emmons).