In re John A. HENRY, a/k/a Jack Henry, and Patricia A. Henry, Debtors.

Raymond J. OBUCHOWSKI, Esq., Chapter 7 Trustee, Plaintiff,

v.

The STATE OF VERMONT, DEPARTMENT OF TAXES, Defendant.

Bankruptcy No. 89–00188.
Adv. No. 90–0048A.

United States Bankruptcy Court, D. Vermont.

Oct. 2, 1991.

D. Cardozo, III, Montpelier, Vt., for Vt. Dept. of Taxes.

A. Pastor, Law Offices of R. Obuchowski, Bethel, Vt., for Trustee.

### MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

FRANCIS G. CONRAD, Bankruptcy Judge.

This adversary proceeding[1] raises an issue of first impression in our jurisdiction; that is, whether the State of Vermont can impose a land gains tax upon property liquidated in the administration of a bankruptcy estate. Implicit in this issue is the complex interplay between State and Federal law that frequently occurs in bankruptcy. Article 1, § 8, cl. 4 of the United States Constitution authorizes Congress to establish uniform laws regarding bankruptcy. The Bankruptcy Code does not, however, operate in a vacuum. Although State law may not interfere with the execution of Congressional acts[2], Bankruptcy Courts adhere to State law precedents and statutes in areas that have not been preempted by the Bankruptcy Code or other Federal statutes.

We conclude that Vermont's land gains tax does not interfere with the administration of a debtor's estate. The imposition of a land gains tax does not impermissibly burden the execution of Federal law. We hold that Trustee must pay the appropriate land gains tax for property sold during liquidation of the estate because 11 U.S.C. § 503(b)(1)(B) and 28 U.S.C. § 960 mandate that any tax incurred by the estate be paid as an administrative expense.

The material facts are not in dispute. Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on July 13, 1989. On October 25, 1989, we entered an order approving the sale of certain real property belonging to the estate. Under the order, Trustee sold two properties and retained the net proceeds for distribution to creditors.

Trustee did not file Vermont Land Gains Withholding Tax Returns for either property. To determine the priority of distribution from the sale proceeds, Trustee initiated the present adversary proceeding for declaratory judgment to determine the estate's liability under Vermont's land gains

---

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the general reference to this Court by the United States District Court for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by Federal Rules of Bankruptcy Procedure Rule 7052.

2. *McCulloch v. State of Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819).

tax statute. Vermont filed a motion for summary judgment.

Trustee argues two primary points. First, Trustee states that Vermont's land gains tax was intended to discourage land speculation or short-term, high-profit transactions. Trustee argues that the legislature did not intend to tax sales of property liquidated in bankruptcy because a bankruptcy trustee is not a land speculator. Trustee's support for this position is derived from *Andrews v. Lathrop*, 132 Vt. 256, 315 A.2d 860 (1974), a Vermont Supreme Court case that upheld the constitutionality of the land gains tax. *Andrews*, however, does not discuss the present issue, namely, whether the land gains tax applies to sales of property liquidated in bankruptcy. Second, Trustee alleges that the sale of the properties did not meet the statutory definition of "sales or exchanges" contained in 32 Vt.Stat.Ann. § 10004(b)[3] because Trustee, as seller, did not receive the benefit of some lawful consideration from the sale of the land.

Vermont argues that the bankruptcy estate is liable for the land gains tax under 28 U.S.C. § 960 because an agent conducting any business under the authority of a United States Court is liable for State and local taxes to the same extent as any other entity would be. In addition, Vermont cites a recent United States Supreme Court decision, *California State Board of Equalization v. Sierra Summit, Inc.*, 490 U.S. 844, 109 S.Ct. 2228, 104 L.Ed.2d 910 (1989), where the Court held that 28 U.S.C. § 960 gave California the right to assess sales and use taxes on a bankruptcy trustee's liquidation sale. Vermont also cites a factually similar case from Connecticut, *Matter of Woodland Builders, Inc.*, 87 B.R. 774 (Bkrtcy.D.Conn.1988), to support its conclusion that Trustee is liable for the land gains tax.

## DISCUSSION

To prevail on a motion for summary judgment, the movant must satisfy the criteria set forth in F.R.Civ.P. 56 as made applicable by Federal Rules of Bankruptcy Procedure Rule 7056. F.R.Civ.P. 56 provides in part:

[The] judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, (1986); *Eastman Machine Company, Inc. v. United States*, 841 F.2d 469 (2d Cir. 1988); *Hossman v. Spradlin*, 812 F.2d 1019, 1020 (7th Cir.1987). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials where no genuine issue of material fact is in dispute. *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987). In the matter *sub judice*, the parties have stipulated to all material facts. We therefore proceed to matters of law.

Chapter 236, Title 32 of the Vermont Statutes Annotated imposes a "tax on the gains from the sale or exchange of land in Vermont." 32 Vt.Stat.Ann. § 10001. The land gains tax applies to land that is held by the transferor less than six years. The "transferor" (defined to include the owner, seller, or other exchanger) is liable for the tax following the sale or exchange of the property. 32 Vt.Stat.Ann. § 10006.

The tax due the State is calculated according to the number of years a property is held and the amount of profit generated from the sale. "The gains tax is a tax on profits in sale, so structured as to place a burden on the taxpayer which increases as his profit increases, and decreases as the period for which he retains the land length-

---

**3.** 32 Vt.Stat.Ann. § 10004(b), **Sale or exchange,** provides in pertinent part:

(b) Contracts for the sale of land constitute sales or exchanges of land for all purposes of this chapter. However, contracts shall not constitute sales or exchanges until some considera-

tion has passed thereunder to or for the benefit of the seller or exchanger. The sale or exchange is considered to take place at the time any consideration whatsoever, of whatever nature, first passes under the contract.

ens." *Andrews v. Lathrop, supra,* 132 Vt. at 261, 315 A.2d 860. A maximum rate of sixty per cent (60%) is imposed on land held less than one year and sold at a two-hundred per cent (200%) or more gain. At the other end of the tax spectrum, a minimum rate of five per cent (5%) is imposed on land held between five and six years that is sold for a gain of less than ninety-nine per cent (99%). The rate of tax is thus directly proportional to the percentage of gain and inversely proportional to the holding period.

■ Two Federal statutes outline the relationship between Vermont and Trustee in this matter. First, 11 U.S.C. § 503(b)(1)(B) imposes liability on the bankruptcy estate for "administrative expenses," including "any tax incurred by the estate." Generally, postpetition property taxes are treated as an administrative expense under § 503(b)(1)(B) and are first in priority for payment under 11 U.S.C. § 507(a)(1). *In re Trowbridge,* 74 B.R. 484, 485 (Bkrtcy. E.D.Pa.1987); *In re Carlisle Court, Inc.,* 36 B.R. 209, 217 (Bkrtcy.D.D.C.1983); 3 *Collier on Bankruptcy,* § 503.04, pp. 503–32, et seq. (15th ed. 1987).

■ In addition, Title 28 U.S.C. § 960 subjects Federal officers acting under authority of a United States Court to applicable State and local taxes. Section 960 provides that:

Any officers or agents conducting any business under authority of a United States Court shall be subject to all federal, state and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.[4]

The primary purpose behind § 960 was to equalize the tax status of businesses being operated as going concerns by Federal receivers with the tax status of their competitors. *Palmer v. Webster and Atlas National Bank of Boston,* 312 U.S. 156, 162–163, 61 S.Ct. 542, 545, 85 L.Ed. 642 (1941); See also, H.R.Rep. No. 1138, 73d Cong., 2d Sess. (1934) and S.Rep. No. 1372, 73d Cong., 2d Sess. (1934). Congress enacted § 960 after a number of Federal trial courts held that Federal receivers who operated businesses were exempt from States' sales tax. *Palmer, supra,* 312 U.S. at 163, 61 S.Ct. at 545; *In re Hubs Repair Shop, Inc.,* 28 B.R. 858, 868, 10 BCD 581 (Bkrtcy.N.D.Iowa 1983). In light of this purpose and the plain language of the statute, "any doubts are presumed to be resolved in favor of tax liability." *In re Penn Central,* 325 F.Supp. 294, 298 (E.D.Pa.1970), aff'd, 452 F.2d 1107 (3d Cir. 1971), cert. den., 406 U.S. 944, 92 S.Ct. 2040, 2043, 32 L.Ed.2d 331 (1972).

Both parties cite *California State Board of Equalization v. Sierra Summit, Inc., supra* and *In the Matter of Woodland Builders, Inc., supra* in their respective briefs. *California State Board of Equalization* held that neither the doctrine of intergovernmental immunity nor 28 U.S.C. § 960 proscribes the imposition of a state sales and use tax on a bankruptcy liqui-

---

**4.** The original provision, as passed by Congress in 1934, provided:

That any receiver, liquidator, referee, trustee or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, shall, from and after enactment of this Act, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation: Provided, however, That nothing in this Act contained shall be construed to prohibit or prejudice the collection of any such taxes which accrued prior to the approval of this Act, in the event that the United States court having final jurisdiction of the subject matter under existing law should adjudge and decide that the imposition of such taxes was a valid exercise of the taxing power by the State or States,

or by the civil subdivisions of the State or States imposing the same.
Act of June 18, 1934, ch. 585, 48 Stat. 993.
According to the United States Supreme Court, the changes in language were made in 1948 as part of the general revision of the Judicial Code and impart no significant change in meaning. *California State Board of Equalization v. Sierra Summit, Inc.,* 490 U.S. 844, 851, 109 S.Ct 2228, 104 L.Ed.2d 910 (1989), citing *Finley v. United States,* 490 U.S. 545, 109 S.Ct 2003, 104 L.Ed.2d 593 (1989). Under established canons of statutory construction, "it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed." *Anderson v. Pacific Coast S.S. Co.,* 225 U.S. 187, 199, 32 S.Ct 626, 630, 56 L.Ed. 1047 (1912).

dation sale. The Court limited the absolute applicability of the intergovernmental tax immunity doctrine to situations where the States tax the United States directly "or an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities." *Id.*, 490 U.S. at 849, 109 S.Ct. at 2232, citing, *United States v. New Mexico*, 455 U.S. 720, 735, 102 S.Ct 1373, 1383, 71 L.Ed.2d 580 (1982). Otherwise, the Court opined that the States are free to tax any private party with whom the United States does business, as long as the tax does not discriminate against the United States or those with whom it deals. *Id.*

*Woodland Builders* involved a factual situation similar to the present case. Connecticut and the Town of Glastonbury sought payment of real estate conveyance taxes from a Chapter 7 trustee who had liquidated the debtor's estate. The Court concluded that 28 U.S.C. § 960 requires a liquidating trustee selling realty to pay State conveyance taxes. *Id.*, 87 B.R. at 778.

Another key decision, cited in Vermont's brief, is *Swarts v. Hammer*, 194 U.S. 441, 24 S.Ct 695, 48 L.Ed. 1060 (1904). In *Swarts*, the United States Supreme Court held that property in the hands of a bankruptcy trustee is subject to taxation by State and municipal authorities. *Id.*, 194 U.S. at 443–444, 24 S.Ct. at 696. In a frequently quoted passage, the Court stated:

> By the transfer to the trustee no mysterious or peculiar ownership or qualities are given to the property. It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the state and municipality, or which should exempt it from its obligations to either. If Congress has the power to declare otherwise, and wished to do so, the intention would be clearly expressed, not left to be collected or inferred from disputable considerations of convenience in administering the estate of the bankrupt.

*Swarts, supra,* 194 U.S. at 444, 24 S.Ct. at 696. Thus, even prior to the enactment of 28 U.S.C. § 960, sales of property pursuant to a Bankruptcy Court order were subject to State and local taxes. The extent to which Congress reiterated the Court's holding in the text of § 960 supports Vermont's argument that Trustee is liable for the land gains tax.

■ Although Trustee is correct that the land gains tax was in part created to discourage land speculation in Vermont, another and arguably primary purpose of the statute is to increase revenue in the State treasury.[5] Whether or not a tax is enacted to achieve some social policy is secondary to the plain, undisputed meaning of the statute. It is a basic principle of statutory construction that, in the absence of confusion or ambiguity, the plain meaning of the statute controls. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct 1026, 103 L.Ed.2d 290 (1989); *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 529, 496 A.2d 154 (1985); *In re Burke Mountain Recreation Inc.*, 64 B.R. 799, 802 (Bkrtcy.D.Vt.1986). A statute plain on its face "must be enforced according to its terms and there is no need for construction." *Hill v. Conway*, 143 Vt. 91, 93, 463 A.2d 232 (1983).

■ The principles of statutory construction lead us to the conclusion that Trustee is liable for the land gains tax. None of the exceptions expressed in the statute apply to Trustee or those who are not land speculators. See, e.g., 32 Vt.Stat.Ann. §§ 10002, 10011. The maxim of statutory construction, *expressio unius est exclusio alterius*, states that the expression or the inclusion of one thing is the exclusion of others. *Ford v. United States*, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1927). This maxim applies to enumerated exceptions. Where there is an express exception, it comprises the only limitation of the statute and no other exception will be implied. *In re Burke Mountain Recreation, Inc., supra,* 64 B.R. at 802. See also, *Andrus v. Glover Construction Co.*, 446 U.S. 608, 100

---

**5.** The amount of tax owed was not briefed by the parties and is not currently before us.

S.Ct. 1905, 64 L.Ed.2d 548 (1980). We can only infer that the legislature intended the trustee to pay the land gains tax because a bankruptcy trustee is not included within the exceptions. We are not at liberty to supply what the lawmakers have omitted. *In re Burke Mountain Recreation, Inc., supra,* 64 B.R. at 802, citing *State v. Fox,* 122 Vt. 251, 255, 169 A.2d 356 (1961).

■ We agree with Vermont that there is no ambiguity with regard to the application of the land gains statute in this case. The statute applies to "gains from the sale or exchange of land in Vermont." 32 Vt. Stat.Ann. § 10001. Section 10006 provides that "the person liable for the tax is the transferor (which includes the owner, seller, or other exchanger) of the land sold or exchanged." Trustee ,clearly satisfies these broad requirements.

■ We are similarly unsympathetic to Trustee's argument that no consideration passed to the benefit of Trustee at the time of the sale. It is a fundamental concept within the Bankruptcy Code that a trustee is empowered to "collect and reduce to money the property of the estate ... [in] the best interests of parties in interest." 11 U.S.C. § 704(1). These words constitute a trustee's main duty to both the debtor and the creditors to realize from the estate all that is possible for distribution among the creditors. 4 *Collier on Bankruptcy,* § 704.01, pp. 704–2, et seq. (15th ed. 1987). In furtherance of this duty, Trustee sold the two Vermont properties to increase the amount of cash available for distribution to creditors. Trustee received, in an official capacity, the purchase price. This benefit, to be passed on to creditors, satisfies the consideration requirement in 32 Vt.Stat. Ann. § 10004(b).

The estate's liability for the property tax is supported by the Bankruptcy Code itself. Section 503 of the Code provides for the allowance of claims for administrative ex-

penses, including "any tax incurred by the estate." [6] 11 U.S.C. § 503(b)(1)(B)(i). Given that § 503 applies to all bankruptcies, it seems that Congress contemplated that State and local tax laws would encompass various aspects of a liquidation case. *In re Hubs Repair Shop, Inc., supra,* 28 B.R. at 870. Therefore, we hold that the Trustee is liable for the Vermont land gains tax and must file the appropriate returns, and calculate any taxes due Vermont in accordance with the statute.

The Vermont Department of Taxes' motion for summary judgment is granted. An appropriate order will be entered.

---

**6.** A determination of whether a post-petition tax is entitled to an administrative priority requires not only a finding that the taxes were incurred by the estate postpetition, but also a finding that the taxes are not of the type specified in 11 U.S.C. § 507(a)(7). 3 *Collier on Bankruptcy,* § 503.04, pp. 503–32, et seq. (15th ed. 1987).

Generally, post-petition property taxes are given a first distribution priority under § 507(a)(1). *United States v. Redmond,* 36 B.R. 932, 10 CBC.2d 1428 (D.Kan.1984). The issue of whether the present land gains tax is entitled to an administrative priority was not briefed by the parties and is not currently before us.